# MEMORANDUM ENDORSED

**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

June 29, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/20

**VIA ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Ethan Melzer*,
   20 Cr 314 (GHW)

Dear Judge Woods:

Through this letter motion and accompanying declaration of statistician Jeffrey Martin, Ethan Melzer respectfully requests access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, pursuant to the Fifth and Sixth Amendments to the United States constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f). Section 1867(f) of Title 28 of the United States Code states that "the parties shall…be allowed to inspect, reproduce, and copy…records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of …a motion under subsection (a)". *See also Test v. United States*, 420 U.S. 28, 30 (1975) (right to inspect records is supported "not only by the plain text of the statute, but also by the statute's overall purpose in insuring grand and petit juries selected at random from a fair cross section on the community.'"), *quoting* 28 U.S.C. § 1861(d)). The requested materials are necessary to evaluate whether a challenge to the jury selection procedures used in this district lies.

In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise unpublic jury selection records, a litigant needs only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). Mr. Melzer is not required to make any showing with

Page 2 of 3

respect to probabilities of success of such a motion. *See, e.g., United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation) (unreported).

Any JSSA motion filed before voir dire is timely, assuming it is filed within seven days after the grounds are diligently discovered. *See* 28 U.S.C. § 1867(a). Although the Second Circuit has not considered what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury, some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. *See United States v. Saipov*, 17 CR 722(VSB)(S.D.N.Y. 2019), Dkt. No. 294 (granting request for records even though request was made well outside of the seven-day timeframe.) In this case, our request is made within seven days of the filing of the indictment and timeliness is therefore not an issue.

Although we do not read Section 1867(a) as requiring that a motion to dismiss be filed within seven days of the indictment, in an abundance of caution we do hereby move to dismiss the indictment on the grounds that the grand jury procedures in this case violated Title 28 of the United States Code. We would additionally seek leave of the Court to supplement this motion to dismiss once we have had an opportunity to inspect the grand jury records that are the subject of the above request.

Once the records are obtained, Jeffrey Martin will quickly and efficiently analyze them to determine whether the jury plan procedures violate Mr. Melzer's right to a jury "selected at random from a fair cross-section of the community." 28 U.S.C § 1861; see also 28 U.S.C. §§ 1863(b)(3), 1866(f).

We do not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. As such, the full set of records should be provided in the manner requested by the attached declaration of Mr. Martin.

Similar demands have been made in several cases within this District. In those cases, the government has requested a call with the Jury Administrator prior to taking a position on the request. For efficiency, Judge Failla has elected to hold a joint call for the government and defense and to allow the parties from other cases to participate as well. *See United States v. Balde*, 20 Cr 281 (KPF), Dkt. No. 21. Defense counsel will already be participating in the joint call and would be amenable to waiting until after the call for the government to express a position and for the court to rule on our motion.

> Respectfully submitted,
>
> /s/ Jennifer Willis, Esq.
> Jennifer Willis, Esq.
> Jonathan Marvinny
> Federal Defenders of New York
> Counsel for Mr. Melzer

cc: Government counsel (via ECF)

The United States is directed to submit any response to this application no later than July 7, 2020; any reply is due no later than three days following service of the Government's response.

SO ORDERED

June 30, 2020

GREGORY H. WOODS
United States District Judge