

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2020
```

July 29, 2020

**By ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

  Re: *United States v. Ethan Phelan Melzer*, 20 Cr. 314 (GHW)

Dear Judge Woods:

  The parties write jointly to apprise the Court of the status of the defendant's requests for records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York. The defendant's requests are set forth in the defendant's letter motion filed on June 29, 2020 (Dkt. No. 12), attached hereto as Exhibit A.

  As the Court is aware, the defendant's requests are substantially identical to those made made in other cases in this District. *See*, *e.g.*, *United States v. Balde*, No. 20 Cr. 281 (KPF); *United States v. Williams*, No. 20 Cr. 286 (WHP); *United States v. Henry*, No. 20 Cr. 293 (LJL). On June 30, 2020, pursuant to an order issued by Judge Failla, who is presiding over the *Balde* case, the Government and defense counsel involved in the affected cases, including this one, participated in a conference call with this District's Jury Administrator. After the call, the Government and the Federal Defenders of New York (the "Federal Defenders"), who are defense counsel in the *Balde* case and who also represent the defendant in this matter, agreed to meet and confer about any outstanding issues and submit a proposal to Judge Failla by July 14, 2020.

  On July 14, 2020, the Government submitted a letter to Judge Failla that outlined the areas of agreement between the Government and the Federal Defenders and the remaining open disputes. On July 16, 2020, Judge Failla issued an order resolving those disputes and ordering the disclosure of certain jury records in the possession of the Jury Administrator. *See* Exhibit B. The Government understands that the Jury Administrator and her staff are preparing these records for disclosure. Based on the resolution in *Balde*, the defendant is satisfied that Judge Failla's order resolved Requests 1-22 in its motion thereby obviating the need for further litigation before this Court with respect to those requests at this time.

The Honorable Gregory H. Woods, U.S.D.J.
July 29, 2020
Page 2

      The only outstanding issue not addressed in *Balde* is Request 23, which seeks the "attendance record and reason for absence by date for each grand juror." *See* Defendant's Motion, Exhibit A at 4. The parties are not requesting a ruling on Request 23 at this time. Rather, we request that the Court defer ruling on this matter until the defendant is able to review the records produced by the Jury Administrator. Once the defendant is able to review these materials, he will alert the Court as to whether he is still seeking the materials at issue in Request 23.

      Respectfully submitted,

      AUDREY STRAUSS
      Acting United States Attorney

by: ____/s/_____
      Samuel Adelsberg / Matthew Hellman / Sidhardha Kamaraju
      Assistant United States Attorneys
      (212) 637-2494/2278/6523

cc: Defense Counsel (by ECF)

Application granted in part and denied in part. The Court understands that neither party is currently seeking a ruling from the Court on Request 23, as described in the defendant's June 29, 2020 application, Dkt. No. 12. The Court understands that the defendant's review of the other materials to be produced may lead the defendant not to seek the information requested in Request 23. As a result, the Court denies the parties' request to "defer" adjudication of that request. Rather than deferring adjudication of an issue that neither party currently wishes for the Court to resolve, and that may ultimately not be pursued by the defendant, the Court is establishing a different default rule, namely that the issues raised in the defendant's June 29, 2020 application have been resolved. If the defendant wishes to request a ruling on the issue previously raised in Request 23, the defendant should make a separate motion to the Court with respect to that issue.

SO ORDERED.
Dated: August 13, 2020

_____
GREGORY H. WOODS
United States District Judge