L2MAAMELC                       Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                           20 CR 314 (GHW)

ETHAN PHELAN MELZER,

                  Defendant.

------------------------------x

                                          New York, N.Y.
                                          February 22, 2021
                                          9:00 a.m.

Before:

                    HON. GREGORY H. WOODS,

                                          District Judge

                           APPEARANCES

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
SAMUEL S. ADELSBERG
SIDHARDHA KAMARAJU
MATTHEW HELLMAN
     Assistant United States Attorney

JENNIFER E. WILLIS
JONATHAN A. MARVINNY
     Attorney for Defendant Melzer

1              (Case Called)

2              THE COURT:  Let me begin by taking appearances from
3    the parties.

4              First, who is on the line for the United States?

5              MR. ADELSBERG:  Good morning, your Honor.

6              This is Sam Adelsberg, for the United States, and I am
7    joined by Sid Kamaraju and Matthew Hellman.

8              THE COURT:  Thank you very much.

9              Who is on the line for the defendant?

10             MS. WILLIS:  Good morning, your Honor.

11             Jennifer Willis, Federal Defenders of New York, on
12   behalf of Mr. Melzer, joined by Jonathan Marvinny, also of the
13   Federal Defenders of New York.

14             THE COURT:  Thank you very much.

15             Mr. Melzer, are you on the line?

16             THE DEFENDANT:  Yes, judge.

17             THE COURT:  Thank you very much.  Let me begin by just
18   providing you with a few brief instructions about the rules
19   that I'd like the parties to follow during this conference.  At
20   the outset I just want to remind all of you that although we're
21   conducting this proceeding remotely, it is a public proceeding.
22   Any member of the public or press is welcomed to audit this
23   proceeding.  Dial-in information is available through the
24   Court's website.  Just be mindful of that.

25             The second thing that I want to ask each of you to do

1  is to please keep your phones on mute to the extent that you
2  can throughout the course of this proceeding.  If you don't
3  have the capacity to put your phone on mute, Mr. Melzer, it's
4  fine but for anyone who does have that capacity, please, place
5  your phones on mute and keep it on mute at all times except
6  when you are addressing the Court or your adversary.
7          Third, I'd like to ask each of the participants in
8  this conference to, please, state your name each time that you
9  speak during this conference.  Please, do that even if you've
10 spoken previously.  It will help our court reporter identify
11 who is speaking and as a result will help us keep a clearer
12 record as of today's conference.
13         Fourth, I am inviting our court reporter to let us
14 know if she would like to us do anything that will make it
15 easier for her to hear and understand us.  If she asks you to
16 do something that will make it easier for her to do her job,
17 please, do it to the extent that you can.
18         And finally, I am ordering that there be no recording
19 or rebroadcasting of any of today's conference.
20         So, with that out of the way, I'd like to spend a few
21 brief moments talking about the reasons why we're conducting
22 these proceedings by remote means ensuring that the defendant
23 is willing to consent to conduct that proceeding by remote
24 means.
25         We are, as you all know, in the midst of the COVID-19

1    pandemic.  I'm conducting this proceeding pursuant to the

2    authority provided by Section 15002 of the CARES Act and the

3    standing orders issued by our chief judge pursuant to that act.

4    Counsel are appearing before me by telephone.  The defendant is

5    present on the conference and is also participating by

6    telephone.  I've already confirmed that all of you can hear me

7    as we've taken appearances but, please, let me know immediately

8    if any of you have any difficulty hearing me or an attorney or

9    the defendant while they're speaking to me.

10            So, we've scheduled this matter as a status

11   conference.  I've received, I should say that I've requested

12   that we conduct this proceeding by video conference.

13   Unfortunately, there is limited capacity for video

14   conferencing.  So, we are not able to get a spot to conduct

15   this proceeding by video conference.  As a result we're

16   conducting it by telephone.  Because I requested video

17   conferencing for this conference and was not provided it, I

18   find that the conferencing was not reasonably available for us

19   to conduct this proceeding because the defendant is able to

20   hear and understand what's happening hear and the defendant is

21   able to participate in the proceeding by telephone.

22            Now, I've received a written waiver of right to be

23   present at the criminal proceeding which indicates that the

24   defendant is willing to proceed with this conference.  By

25   remote means, indeed, without his presence.  The document that

1    I have has been signed by Mr. Marvinny.  The signature date on
2    the digital signature is February 19, 2021.  It's also been
3    digitally signed on behalf of Mr. Melzer.
4              What I'd like to do is turn to defense counsel to
5    confirm that the defendant was advised of his right to appear
6    at this proceeding, that he understood that right and that he
7    voluntarily gave up that right.
8              Counsel for defendant, turning to the waiver that I
9    just described, can you please describe how the document was
10   provided for the defendant and the circumstances in which you
11   discussed it with him.
12             MS. WILLIS:  Yes, your Honor.  This is Jennifer Willis
13   from the Federal Defenders.
14             Jonathan Marvinny, from my office, had a legal
15   confidential phone call with Mr. Melzer on February 11.  At
16   that time Mr. Melzer did not have a physical copy of the form
17   but Mr. Marvinny did review the form and read it to him,
18   discussed with him his rights with respect to the CARES Act and
19   Mr. Melzer at that time expressed that he understood and that
20   he was willing to have today's conference be handled remotely.
21             Because Mr. Melzer never did not have a physical copy
22   of the form, and even if he had, there's been delays in sending
23   and receiving documentation and paperwork from the jail, so
24   Mr. Melzer never did authorize Mr. Marvinny to sign that
25   document on his behalf, which Mr. Marvinny did and obviously

1    that's the document that was provided to the Court.
2              THE COURT:  Good.  Thank you very much.
3              Just briefly for you, Mr. Melzer, did you hear what
4    your attorney just said to me?
5              THE DEFENDANT:  Yes, judge.
6              THE COURT:  Did you authorize your attorney to sign
7    the document waiving your right to be present physically in
8    court for this proceeding?
9              THE DEFENDANT:  Yes, judge.
10             THE COURT:  Good.  Thank you very much.
11             So, on the basis of the proffers by counsel and
12   written waiver executed by counsel on the defendant's behalf, I
13   find that the defendant has knowingly consented to conduct this
14   proceeding by telephone.
15             So, with that, thanks to counsel and Mr. Melzer.  What
16   I would like to do is turn to the discussion of the substantive
17   issues raised by this conference.  I scheduled this as a status
18   conference with respect to this matter.
19             Let me turn first to counsel for the United States.
20   What would you like to tell me about the status of the case and
21   what is your proposal regarding next steps?
22             Counsel for the United States.
23             MR. ADELSBERG:  Thank you, your Honor.  This is Sam
24   Adelsberg.
25             Your Honor, as for discovery, Rule 16 discovery has

1  been produced.  As detailed in the prior conference in matter,
2  discovery was fairly voluminous here.  We've also produced
3  several documents of classified discovery to defense counsel
4  and I understand that we may be ready to set a motion schedule
5  today.
6          THE COURT:  Good.  Thank you very much.
7          Counsel for defendant, let me turn to you.  The same
8  question.  What would you like to tell me about the status of
9  the case and what are your proposals regarding next steps in
10 the case?
11         MS. WILLIS:  Your Honor, as the government indicated,
12 we are in receipt of discovery.  It is quite voluminous and
13 also includes, not just documentation, but video and recordings
14 and things that sort of can't be reviewed in a truncated
15 manner.  Counsel has been in the process of going through all
16 of the discovery.  I think there's been more of a delay with
17 respect to Mr. Melzer's ability to review discovery, just given
18 some of the current limitations and restricts for people who
19 are in custody and how much time he had to have access to a
20 sort of secured and private computer.  Nevertheless, he has
21 been going through the process as well and as I said, counsel
22 is also reviewing discovery.
23         I would agree with the government's assessment that we
24 can set a motion schedule.  I do have a, sort of where we are
25 in terms of defense with respect to motion is that there are

some motions that are purely legal in nature and we would be able to file those. We believe we'd be requesting about 60 to 90 days to file those. However, there are also some additional motions which we might want to file in the future, but in order to know whether we have a valid motion in some of these other areas, we need to have some evaluations conducted. And again, because of the restrictions imposed because of the COVID-19 pandemic, the experts that we have spoken to have not been able to do the things that they would need to do to accomplish those evaluations yet.

So, while we do want to obviously move forward with the case and again, to be prepared within 60 to 90 days to file some motions, I did just want to alert the Court to the fact that there are some motions that possibly we might want to be able to file but we can't make that determination until these evaluations have been conducted and there has been a delay in that process he is beyond the control of our experts. So, I do just want to apprise the Court of that as well.

THE COURT: Good. Thank you.

Let me just ask counsel for defendant about the latter category of motions.

Do you think that you will have sufficient information regarding whether there's a motion or motions that is or are motion or motions to be made within the next couple of months? I ask because I understand that you're going to propose a

1    motion briefing schedule which motions would be due

2    approximately 60 to 90 days from now.  So, I'm curious if you

3    are going to have more data about the full suite of motions

4    that might be brought within the next couple of months because

5    that may impact how we schedule motion practice here.

6              Counsel.

7              MS. WILLIS:  Your Honor, I would hope so.  Again, some

8    of it is truly sort of beyond our control.  I don't know at

9    what point jail will start more broadly allowing people in.  I

10   don't know at what point our experts would deal with safe and

11   be prepared to go to places that they need to go to to do the

12   evaluations that are required.  I think our belief is that

13   certainly within the 60 to 90 days that we're proposing for the

14   filing of what I will call our initial motions, we would hope

15   to have some more concrete information about whether we would

16   have additional motions and when we would be prepared to file

17   them.

18             I think what we were proposing, and I know this is,

19   obviously, somewhat unusual, would be that we could file a

20   initial set of motions and then apprize the court of whether or

21   not conclusively we thought that there were additional motions

22   and then file those at a later time.

23             THE COURT:  Thank you, counsel.

24             Let me ask, with respect to what you term the initial

25   round of motions, do you anticipate that any of them are of a

1  sort that would require an evidence hearing to resolve it?
2          MS. WILLIS:  No, your Honor, I don't think so, no.
3          THE COURT:  Good.  Thank you very much.
4          So, I understand that counsel for the defense is
5  asking a period of approximately 60 to 90 days to file what
6  they've described as an initial round of motions.  The two
7  stage approach here is a little unusual.  So, let me hear from
8  the government both with respect to the staged approach and
9  also the proposal that motions be filed in the 60 to 90 time
10 table.
11         Counsel for the United States, what is your view?
12         MR. ADELSBERG:  Thank you, your Honor.
13         Sam Adelsberg again speaking for the government.  Your
14 Honor, the government does not oppose the stage approach and we
15 recognize that the ability of the access that -- as for the
16 filing of an initial round of legal motions, we think that
17 makes sense.  Your Honor, the government has no objection to 90
18 days for the defendant to file those initial round of motions.
19         THE COURT:  Good.  Thank you very much.
20         So, counsel for defendant, I'm happy to raise the
21 proposal that you made.  You say 60 to 90 days.  I am not going
22 to press you to the earlier of those two days.  Are you looking
23 for me to establish a deadline approximately 90 days from now?
24         MS. WILLIS:  Yes, your Honor.
25         Thank you.

1          THE COURT:  Good.  Thank you very much.

2          So, counsel for the United States, can I ask how much

3  time would you propose that I provide you to file any

4  opposition to that set of motions?

5          MR. ADELSBERG:  Sam Adelsberg again.

6          Your Honor, the government would ask for 30 days to

7  respond.  We obviously don't know the complexity of motions

8  that will be coming our way but given some to initial

9  conversations of defense we feel that 30 days would be

10 sufficient to allow us to adequately address the motions that

11 are raised.

12         THE COURT:  Thank you very much.

13         So, I would propose to set the following schedule, the

14 series of legal motions and I expect that all the motions that

15 should be made prior to trial other than those which are

16 contingent upon the evaluations described by counsel, will be

17 brought in this round of motions.  That set of motions will be

18 due no later than May 24, 2021.  Any opposition to those

19 motions will be due no later than 30 days following the date of

20 service of the motion, and any reply will be due no later than

21 14 days following the date of service of the opposition.

22         Counsel, so I've established this briefing schedule.

23 What I'd like to ask is how counsel for defendant initially

24 propose that we check-in regarding the prospect of additional

25 motion practice here.  It sounds as though you have a sense of

1  what that looks like within the next 60 to 90 days perhaps.
2          How would you propose that we reconvene, that you
3  communicate with the Court about any such potential motion
4  practice, counsel for defendant?
5          MS. WILLIS:  Your Honor, Jennifer Willis.
6          I would propose that as an initial matter that we
7  consult with the government and file a letter to update the
8  Court.  If we are ready and we have the information and we're
9  prepared to concretely sort of add to the motion schedule,
10 perhaps, that could either be done also by letter or if the
11 Court preferred, we could then set a conference date.  But I
12 think the initial check makes sense to be done by letter
13 because it may be that update will be we actually need several
14 more weeks or something of that type.  So, I think it would
15 make sense to initially confer by letter.
16         THE COURT:  That's fine.  So, counsel, I'll direct
17 that by the same date, that is May 24 that defense provide the
18 Court with a status update regarding what is described in the
19 second set of potential motions.  Your letter should describe
20 the position of the United States with respect to those
21 potential motions.  If you know that there a motion, please,
22 propose a schedule for briefing it.  If you believe that you
23 need additional time to evaluate whether or not additional
24 motion practice is warranted, please, let me know that in the
25 letter and let me know the amount of time that it will take you

1    to make a concrete determination.

2           Good.  So, counsel, I am happy to issue an order that
3    will a establish the briefing schedule that I've described.  It
4    may be make sense for us to schedule another hearing sometime
5    after the filing of these motions and after they're fully
6    briefed.  So, I am going to propose that we gather again in
7    late July if that's acceptable to you, just as an opportunity
8    to touch base and, perhaps, as an opportunity for oral argument
9    with respect to motions to the extent that I believe that that
10   would be helpful for me to resolve them.

11          I am looking at my calendar and I would propose that
12   we schedule a follow-up hearing here sometime around July 26 or
13   27.

14          Counsel, what's your view?  Are you available to meet
15   again for a conference on January 26, I'd say at ten a.m.

16          Counsel, first for the United States?  I'm sorry.
17   July 26.

18          MR. ADELSBERG:  Your Honor, this is Sam Adelsberg.
19   Yes, that works for the government.

20          THE COURT:  Good.  Thank you.

21          Counsel for the defendant.

22          MS. WILLIS:  Your Honor, this is Jennifer Willis.
23   That date and time works for defense as well.

24          THE COURT:  Good.  Thank you very much.

25          Counsel have any other business that we need to

1  accomplish here apart from the Speedy Trial clock?  I
2  understand that there will be motions pending but, counsel,
3  before we come to the Speedy Trial clock, anything else that
4  either of you would like to raise with the Court?
5           First, counsel for the United States.
6           MR. ADELSBERG:  Your Honor, we also anticipate filing
7  a SEPA Section 4 motion in this case and as we've already let
8  your Honor know -- as your Honor knows, the filing of that
9  motion requires some coordination with a number of different
10 government entities, entities that have been hampered by the
11 pandemic and so, we ask that the filing deadline for our SEPA
12 Section 4 motion be simultaneous with the deadline for our
13 opposition to defense motions.  So, based on my calculation, 30
14 days after May 24, I believe that would be on June 23.
15          THE COURT:  Thank you.
16          Counsel for defendant, what's your view regarding that
17 request?
18          MS. WILLIS:  Jennifer Willis, your Honor.
19          No objection.
20          THE COURT:  Thank you very much, counsel.
21          That application is granted.
22          Anything else from the United States?
23          MR. ADELSBERG:  Your Honor, as your Honor mentioned,
24 we know there's an outstanding motion but out of an abundance
25 of caution, the government would like to make an application to

1  exclude time under the Speedy Trial Act from today until
2  July 26, 2021.  The government submits that the interests of
3  justice outweigh the defendants's and the public's right to a
4  speedy trial, to allow the defendant to review discovery, to
5  decide which motions to file and to file motions.
6           THE COURT:  Thank you very much.
7           There are motions pending or will be pending but,
8  counsel for defendant, what's your position regarding the
9  request to exclude time?
10          MS. WILLIS:  Your Honor, I have no objection to the
11 exclusion of time.
12          THE COURT:  Thank you.
13          I will exclude time from today until July 26, 2021.
14 After balancing the factors specified in 18 U.S.C. Section
15 3161(h (7).  I find that the ends of justice served by
16 excluding such time outweigh the best interests of the public
17 and the defendant in a speedy trial because it will allow time
18 for continued review of the discovery materials by defendant
19 and his counsel, time for the defendant to prepare any motions,
20 and time for the continued evaluation process to start by
21 counsel for defendant.
22          Is there anything else that the defense would like to
23 raise before we adjourn?
24          counsel for the defendant.
25          MS. WILLIS:  Your honor, just briefly, two

1  housekeeping matter.  I don't believe that I saw on the docket
2  a Brady order and I don't believe that the government has yet
3  provided any record of attorney general authorization which is
4  required under 18 U.S.C. 2332(b).
5          THE COURT:  Thank you.
6          So, let me just take a brief moment, counsel.  Let me
7  first direct the prosecution to comply with its obligation
8  under Brady v. Maryland and its progeny to disclose to the
9  defendant following information whether admissible or not, that
10 is, quote, favorable to, closed quote, the defendant, quote,
11 material either to guilt or to punishment, closed quote, and
12 known to the prosecution possible consequences for
13 noncompliance may include dismissal of individual charges of
14 the entire case, exclusion of evidence and professional
15 discipline of court sanctions on the attorneys responsible.
16         I will enter a written order more fully describing
17 this obligation and the possible consequences of failing to --
18 later today.  I will direct the prosecution to review and fully
19 comply with that order.
20         Counsel, does the prosecution confirm that it
21 understands its obligations and will hold them?
22         MR. ADELSBERG:  Yes, your Honor.
23         THE COURT:  Good.  Thank you.
24         Counsel, would you, please, comment on the information
25 that the defendant's counsel has just asserted that they have

L2MAAMELC                       Conference

1  not yet seen.
2              MR. ADELSBERG:  Your Honor, this issue was raised just
3  this prior week by defense counsel.  Our understanding, we
4  checked with individuals in the main justice or the Department
5  of Justice and our understanding is that particularly in the
6  document generated but we are going to look into that and
7  provide that document if we can provide that certification for
8  defense.
9              THE COURT:  Thank you.  I expect that you will do so.
10             Counsel for defendant, what else would you like to
11 raise?
12             MS. WILLIS:  Nothing else from the defense, your
13 Honor.
14             Thank you.
15             THE COURT:  Good.  Thank you all for participating in
16 this proceeding and it is adjourned.
17             (Adjourned)
18
19
20
21
22
23
24
25