

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 11, 2021

**BY ECF and EMAIL**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States* v. *Ethan Phelan Melzer*, S1 20 Cr. 314 (GHW)

Dear Judge Woods:

The Government respectfully writes to bring the Court's attention to a recent decision by Judge Crotty in *United States v. Schulte*, 17 Cr. 548 (PAC), which is attached hereto as Exhibit 1 ("Schulte Op."). In that case, the defendant filed a motion to dismiss the indictment on November 16, 2020 (*see* 17 Cr. 548 (PAC), ECF No. 435), which was nearly identical to the November 16, 2020 motion to dismiss the indictment filed by defendant Ethan Phelan Melzer in the above-captioned case (*see* 20 Cr. 314 (GHW), ECF No. 37). Like Melzer, the defendant in *Schulte* put forth claims under the Constitution and the Jury Selection and Service Act, 18 U.S.C. § 1861 *et seq.* (the "JSSA"), arguing that the indictment should be dismissed because the grand jury sitting in White Plains unfairly underrepresented Black and Hispanic individuals. Judge Crotty rejected the defendant's claims, denying the defendant's motion to dismiss in total. Judge Crotty's thorough, well-reasoned decision supports the Government's position in this case.

In assessing the defendant's Sixth Amendment claim, Judge Crotty found that: (1) the relevant jury pool is the White Plains Master Wheel (Schulte Op. 8-9; *accord* 20 Cr. 314 (GHW), ECF No. 49 ("Gov't Br.") 15-18); (2) the relevant "community" is the White Plains voting age population (Schulte Op. 9-11; *accord* Gov't Br. 20); (3) it was entirely proper for the Government to seek an indictment in White Plains, despite the fact that the trial is likely to occur in Manhattan (Schulte Op. 11-13; *accord* Gov't Br. 8-14); and (4) the appropriate method of statistical comparison is the "absolute disparity" method (Schulte Op. 13-14; *accord* Gov't Br. 18-19). Judge Crotty therefore found that the defendant had not demonstrated substantial underrepresentation under *Duren*'s second prong. (Schulte Op. 13-15; *accord* Gov't Br. 19-20). Judge Crotty further found that the defendant's claim failed on *Duren*'s third prong, as well, because the defendant had not established that any underrepresentation was the product of systematic exclusion in the jury selection process. (Schulte Op. 15-17; *accord* Gov't Br. 21-26).

Page 2

With respect to the defendant's Equal Protection claim under the Fifth Amendment, Judge Crotty found that the defendant had not proved discriminatory intent and therefore rejected the claim. (Schulte Op. 17-18; *accord* Gov't Br. 26-27).  Finally, Judge Crotty denied the defendant's statutory claims, finding that the defendant had not demonstrated a "substantial failure to comply" with the JSSA.  (Schulte Op. 18-20; *accord* Gov't Br. 27-30.)

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by:  _____
Samuel Adelsberg / Matthew Hellman
  / Sidhardha Kamaraju
Assistant United States Attorneys
Tel: (212) 637-2494/2278/6523

cc:    Counsel of Record (by ECF)