UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- *v.* -

ETHAN PHELAN MELZER,
   a/k/a "Etil Reggad,"

              Defendant.

S1 20 Cr. 314 (GHW)


**THE GOVERNMENT'S REQUESTS TO CHARGE**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
*Attorney for the United States of America*

Samuel S. Adelsberg
Matthew J.C. Hellman
Assistant United States Attorneys
    *-Of Counsel-*

# TABLE OF CONTENTS

Request No. 1    The Indictment ...................................................................................................3

Request No. 2    The Elements of a Conspiracy .............................................................................4

Request No. 3    The Existence of an Unlawful Agreement ...........................................................5

Request No. 4    Participation in the Conspiracy ............................................................................8

Request No. 5    Overt Act.............................................................................................................11

Request No. 6    Liability for Acts and Declarations of Co-Conspirators.....................................13

Request No. 7    Count One: Overview and Statute .......................................................................14

Request No. 8    Count One: Elements of the Offense...................................................................15

Request No. 9    Count Two: Overview and Statute ......................................................................17

Request No. 10   Count Two: Elements..........................................................................................18

Request No. 11   Count Two: Aiding and Abetting.........................................................................20

Request No. 12   Count Three: Overview and Statute ....................................................................23

Request No. 13   Count Three: Elements........................................................................................24

Request No. 14   Count Four: Overview and Statute ......................................................................26

Request No. 15   Count Four: Elements .........................................................................................27

Request No. 16   Count Four: Aiding and Abetting ........................................................................28

Request No. 17   Count Five: Overview and Statute ......................................................................29

Request No. 18   Count Five: Elements ..........................................................................................30

Request No. 19   Count Five: Aiding and Abetting ........................................................................34

Request No. 20   Count Six: Overview and Statute ........................................................................35

Request No. 21   Count Six: Elements............................................................................................36

Request No. 22   Count Seven: Overview and Statute....................................................................41

Request No. 23   Count Seven: Elements .......................................................................................42

Request No. 24   Variance in Dates ................................................................................................44

Request No. 25   Venue ..................................................................................................................45

Request No. 26   Defendant's Testimony (If Applicable) ...............................................................47

Request No. 27   Defendant's Right Not to Testify (If Requested by the Defendant)....................48

Request No. 28   Similar Act Evidence (If Applicable)..................................................................49

Request No. 29   Uncalled Witness: Equally Available to Both Sides ...........................................51

Request No. 30   Persons Not On Trial...........................................................................................52

Request No. 31   Law Enforcement Witnesses................................................................................53

Request No. 32   Use of Evidence Obtained Pursuant to Searches (If Applicable).........................54

Request No. 33   Use of Evidence Obtained at Time of Arrest ......................................................55

Request No. 34   Use of Recordings...............................................................................................56

Request No. 35   Redaction of Evidentiary Items...........................................................................57

Request No. 36   Stipulations of Testimony (If Applicable) ..........................................................58

Request No. 37    Stipulations of Fact (If Applicable)...................................................................59

Request No. 38    Particular Investigative Techniques Not Required (If Applicable) ...........................60

Request No. 39    Confidential Sources.............................................................................61

Request No. 40    Preparation of Witnesses (If Applicable) ....................................................62

Request No. 41    Charts and Summaries (If Applicable).........................................................63

Request No. 42    Expert Testimony (If Applicable) ..............................................................64

Request No. 43    Character Witnesses (If Applicable) ...........................................................65

Request No. 44    False Exculpatory Statements (If Applicable)................................................66

Request No. 45    Conclusion ........................................................................................67

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- *v.* -

ETHAN PHELAN MELZER,
   a/k/a "Etil Reggad,"

               Defendant.

S1 20 Cr. 314 (GHW)

## REQUESTS TO CHARGE

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.       Function of Court and Jury

b.       Statements of Court and Counsel not Evidence

c.       Rulings on Evidence and Objections

d.       Burden of Proof and Presumption of Innocence

e.       Improper Considerations: Race, Religion, National Origin, Sex, or Age

f.       Reasonable Doubt

g.       Government Treated Like Any Other Party

h.       Definitions and Examples of Direct and Circumstantial Evidence

i.       Inferences

j.       Credibility of Witnesses

k.       Interest in Outcome

l.       Right to See Exhibits and Have Testimony Read During Deliberations

m.       Sympathy:  Oath as Jurors

n.       Punishment Is Not to Be Considered by the Jury

o.       Verdict of Guilt or Innocence Must be Unanimous

p.       Duties of the Foreperson and Return of Verdict Form

Request No. 1          **The Indictment**

The defendant in this case—Ethan Phelan Melzer, a/k/a "Etil Reggad"—is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  It is simply a way for the Government to present charges in this case.

Before you begin your deliberations, I will give you a copy of the Indictment to have in the jury room.  We'll make additional copies so you can pass it around, but I will now summarize the seven counts in the Indictment. I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment, and then explain in detail the elements of each offense.

Count One of the Indictment charges the defendant with participating in a conspiracy to murder U.S. nationals abroad.  As I will explain in more detail in a few moments, a conspiracy such as the one charged in Count One is a criminal agreement to violate the law.

Count Two charges the defendant with attempting to murder U.S. nationals abroad.

Count Three charges the defendant with participating in a conspiracy to murder U.S. service members.

Count Four charges the defendant with attempting to murder U.S. service members.

Count Five charges the defendant with providing and attempting to provide material support and resources for terrorism.

Count Six charges the defendant with illegally transmitting national defense information.

And Count Seven charges the defendant with illegal delivery of national defense information.

Request No. 2          **The Elements of a Conspiracy**

As I mentioned, Counts One and Three of the Indictment charge the defendant with participating in conspiracies.  These conspiracies all involve the same set of co-conspirators.  It is the different objectives or goals of the conspiracies that make them distinct federal crimes.

Certain elements which you must find to convict the defendant on any of the conspiracy counts are the same for each of the conspiracy counts.  So I will now define certain elements that apply to each of the three conspiracy counts.

The first element of a conspiracy that the Government must prove is the existence of an unlawful agreement, that is, an agreement among two or more persons to violate the law as charged in the Indictment.

The second element of a conspiracy that the Government must prove is that the defendant knowingly and willfully joined the charged conspiracy, that is, he knowingly and willfully joined in the agreement to violate the law.

The third element that the Government must prove with respect to each of the charged conspiracies is that an overt act occurred, that is, that someone within the conspiracy took some action to advance the goal or goals of the conspiracy.

> Adapted from the jury instructions in *United States v. Al Fawwaz*, S7 98 Cr. 1023 (LAK) (S.D.N.Y. 2015); *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Abu Ghayth*, S14 98 Cr. 1023 (LAK) (S.D.N.Y. 2014); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); *United States v. Greenberg et al.*, S1 05 Cr. 888 (LAK) (S.D.N.Y. 2008).

Request No. 3          **The Existence of an Unlawful Agreement**

Starting with the first element, a conspiracy is an agreement or an understanding of two or more people to accomplish by concerted action a criminal or unlawful purpose. To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact stating that they have formed a conspiracy to violate the law and setting forth the part to be played by each conspirator. It is sufficient if two or more persons come to a common understanding to violate the law. The ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The crime of conspiracy is complete once the unlawful agreement is made and a defendant enters into it. Accordingly, even if the actual crime that was the objective of the conspiracy was not committed, you may find the defendant guilty of the crime of conspiracy. This is because, as I said, the crime of conspiracy is complete once the unlawful agreement is made.

Now, to show a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details or the part that each of the persons who is a party to the conspiracy is going to play. It would be quite extraordinary if there was ever such a formal document or specific oral agreement in a conspiracy. Common sense will tell you that when people undertake to enter into a criminal conspiracy, much is often left to the unexpressed understanding. Conspirators do not usually reduce their agreement to writing. They do not typically publicly broadcast their plans. From its very nature, a conspiracy is almost always secret in its origin and execution. It is rare that a conspiracy can be proved by direct

evidence of an explicit agreement. Thus you may infer the existence of a conspiracy from the circumstances of the case and conduct of the parties involved.

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The old saying "actions speak louder than words" applies here. When taken all together and considered as a whole, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

In deciding whether the alleged conspiracy in fact existed, you may consider all the evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence. If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that the minds of two or more of the conspirators met; that is, they agreed, as I have explained a conspiratorial agreement to you, to work together in furtherance of the unlawful schemes you are considering as charged in Counts One or Three, then proof of the existence of the conspiracy is established.

In short, the Government must prove that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment. The goal of the conspiracy—the way in which the law would be violated—is called

the object of the conspiracy. I will define those objects, or goals, when I instruct you on each of the three conspiracies alleged in the Indictment.

If the Government fails to prove that there was a conspiracy that had the object charged in that count as an objective, then you must find the defendant not guilty on that conspiracy count. However, if you unanimously find beyond a reasonable doubt that the conspirators agreed to accomplish the object charged in that conspiracy count, then the existence of the unlawful agreement element will be satisfied for that count.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Abu Ghayth*, S14 98 Cr. 1023 (LAK) (S.D.N.Y. 2014); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); *United States v. Greenberg et al.*, S1 05 Cr. 888 (LAK) (S.D.N.Y. 2008).

Request No. 4          **Participation in the Conspiracy**

The Government must prove that the defendant unlawfully, willfully, and knowingly entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and agreed to take part in the conspiracy to promote and cooperate in its unlawful objective. Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy, the defendant knew what he was doing. That is, that he took the actions in question deliberately and voluntarily.

"Unlawfully" means simply contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule. He need only have been aware of the generally unlawful nature of his actions.

An act is done "knowingly" if it is done purposely and deliberately and not because of mistake, accident, negligence or other innocent reason. An act is done "willfully" if it is a voluntary and intentional act. That is, the defendant's actions must have been his conscious objective rather than the product of a mistake or an accident or mere negligence or some other innocent reason.

Now, I have talked about knowledge. Knowledge is something to be inferred from the proven facts. We do not yet have any way of looking into somebody's mind and knowing what the person is thinking. However, you have before you evidence of certain acts that are alleged to have been taken by the defendant or that took place in his presence.

Now, it is not necessary that the defendant be fully informed as to all the details of an

alleged conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge,

the defendant need not have known the full extent of the conspiracy.  He need not have known

all of its activities.  It is not even necessary that the defendant know or be acquainted with all of

the participants in the conspiracy.  In fact, the defendant may know only one other member of a

conspiracy and still be a co-conspirator.

The duration and the extent of the defendant's participation in a conspiracy has no

bearing on the issue of guilt.  The defendant need not have joined a conspiracy at the outset.  The

defendant may have joined it at any time in its progress, and the defendant still will be held

responsible for everything that was done before he joined and everything that is done while the

conspiracy continues to exist unless and until he affirmatively quits the conspiracy.

You have heard testimony and saw evidence during the trial about certain organizations,

such as the Order of Nine Angles, ISIS, al Qaeda, and others.  You need not find that the

defendant, or anyone else mentioned during this trial, was a member of any of these groups or

any other organization to find that the defendant was a member of the conspiracy in question.

Every participant in the conspiracy may perform separate and distinct acts.  They may

perform them at different times.  Some conspirators play major roles.  Other conspirators play

minor roles.  An equal role or an important role is not what the law requires.  In fact, even a

single act can be sufficient to make a defendant a participant in an illegal conspiracy.

I do want to caution you, however, that the mere association by one person with another

person does not make that person a member of a conspiracy, even when coupled with knowledge

that a conspiracy is under way.  Mere presence at the scene of a crime, even coupled with

knowledge that a crime is taking place, is not enough to support a conviction.  In other words,

knowledge without participation is not sufficient. What is necessary is that the defendant

participate in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in

the accomplishment of its unlawful objectives. In sum, the defendant, with an understanding of

the generally unlawful nature of the conspiracy must intentionally have engaged, advised, or

assisted in the conspiracy for the purpose of furthering its illegal objective. The defendant

thereby becomes a knowing and a willing participant of the unlawful agreement: in other words,

the defendant thereby becomes a co-conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or

until there is some affirmative act of termination by its members. So too, once a person is found

to be a participant in the conspiracy, that person is presumed to continue being a participant in

the venture until the venture is terminated, unless it is shown by some affirmative proof that the

person withdrew and dissociated himself from it.

> Adapted from the jury instructions in *United States v. Al Fawwaz*, S7 98 Cr. 1023 (LAK) (S.D.N.Y. 2015); *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Abu Ghayth*, S14 98 Cr. 1023 (LAK) (S.D.N.Y. 2014); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); *United States v. Greenberg et al.*, S1 05 Cr. 888 (LAK) (S.D.N.Y. 2008).

Request No. 5          **Overt Act**

The third element that the Government must prove beyond a reasonable doubt for each of the conspiracy counts is that at least one of the conspirators, not necessarily the defendant, committed at least one overt act in furtherance of the conspiracy. In other words, there must have been something more than an agreement—some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. The overt act element, to put it another way, is a requirement that any agreement went beyond the mere talking stage, the mere agreement stage.

The Government may satisfy the overt act element by proving that at least one overt act was committed in furtherance of the alleged conspiracy. It is not necessary for the Government to prove all or even any of the particular overt acts alleged in the Indictment, nor must you find that the defendant himself committed any overt act.

Similarly, it is not necessary for the Government to prove that each member of the conspiracy committed or participated in an overt act. It is sufficient if you find that at least one overt act was in fact performed by at least one conspirator, whether the defendant or another co-conspirator, to further the conspiracy within the time frame of the conspiracy. Remember, the act of any one of the members of a conspiracy, done in furtherance of the conspiracy, becomes the act of all the other members. To be a member of the conspiracy, it is not necessary for the defendant to have committed an overt act.

In addition, an overt act alleged in the Indictment need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

11

The overt act must have been knowingly done by at least one conspirator in furtherance of one of the objects of the conspiracy, as charged in the Indictment. In this regard, you should bear in mind that an overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting a conspiratorial scheme. You therefore are instructed that the overt act does not have to have been an act which in and of itself is criminal or constitutes an objective of the conspiracy.

In sum, if you find that the Government has met its burden on all three elements on any of the conspiracy counts, that is, Counts One and Three—then you should find the defendant guilty of conspiring to accomplish the unlawful objectives alleged in the particular count you are considering. If you find that the Government has not met its burden with respect to all of the necessary elements, then you should find the defendant not guilty on the count in question.

> Adapted from the jury instructions in *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Hunter et al.*, S10 13 Cr. 521 (RA) (S.D.N.Y. 2018); *United States v. Abu Ghayth*, S14 98 Cr. 1023 (LAK) (S.D.N.Y. 2014); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); *United States v. Greenberg et al.*, S1 05 Cr. 888 (LAK) (S.D.N.Y. 2008).

Request No. 6          **Liability for Acts and Declarations of Co-Conspirators**

When people enter into a conspiracy to accomplish an unlawful end, they become agents

or partners of one another in carrying out the conspiracy.  Accordingly, the reasonably foreseeable

acts or statements of any member of the conspiracy, committed in furtherance of the common

purpose of the conspiracy, are deemed under the law to be the acts or statements of all of the

members of the conspiracy, and all of the members of the conspiracy are responsible for such acts

or statements.  This rule applies even though such acts or statements were not made or committed

in the presence of the defendant or were made or committed without his knowledge.

> Adapted from the jury instructions in *United States v. Russell*, 16
> Cr. 396 (GHW) (S.D.N.Y. 2018); *United States v. John F. Gargan,
> et al.*, 18 Cr. 723 (PGG) (S.D.N.Y. 2019); *United States v.
> Geovanny Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); *see
> also United States v. Mastropieri*, 685 F.2d 776, 786-90 (2d Cir.
> 1982) (juries need not be invited to reconsider the admissibility of
> co-conspirator hearsay).

Request No. 7     **Count One: Overview and Statute**

Count One of the Indictment charges the defendant with conspiring to murder U.S. nationals abroad.  Specifically—and I am reading now from the Indictment—Count One charges that [the Court is respectfully requested to read Count One of the Indictment.]

The federal law that the defendant is charged with violating in Count One is a provision of the United States Code which provides in relevant part:

> Whoever outside the United States . . . engages in a conspiracy to kill, a national of the United States . . . in the case of a conspiracy by two or more persons to commit a killing that is a murder . . . [and] if one or more of such persons do any overt act to effect the object of the conspiracy, [is guilty of a crime].

18 U.S.C. § 2332(b).

Request No. 8        **Count One: Elements of the Offense**

To sustain its burden of proof with respect to the conspiracy charged in Count One of the

Indictment, the Government must prove beyond a reasonable doubt the following elements:

First: that the conspiracy charged in Count One existed, that is, a conspiracy, from at least

in or about 2019 up to and including May 2020, to murder nationals of the United States anywhere

in the world;

Second: that the defendant knowingly and willfully joined the charged conspiracy;

Third: that an overt act occurred; that is, that someone within the conspiracy took some

action to advance the goal of the conspiracy; and

Fourth: that the defendant engaged in the charged conspiracy while outside of the United

States.   Thus, you must find that the conspirators' illegal agreement to murder United States

nationals existed—at least in part—outside of the United States, and that the defendant knowingly

and willfully engaged in that conspiracy while outside of the United States.

I already have instructed you as to the first three elements of conspiracy, and you should

rely on my previous legal instructions here.

"Murder" is the unlawful killing of a human being with what is called malice aforethought.

To act with malice aforethought means to act willfully, with the intent to kill another person.

Malice aforethought is the state of mind that would cause a person to act without regard to the life

of another.   To act with malice, one must have acted consciously with the intent to kill another

person.   However, the Government does not need to prove a subjective intent to kill—it is enough

for the Government to prove reckless and wanton conduct, which conduct so grossly deviated from

a reasonable standard of care that the person who undertook such conduct was aware of the serious

risk of death he was causing. The Government need not prove spite, malevolence, hatred, or ill will.

I further instruct you that a "national of the United States" is simply a citizen of the United States.

As I have already instructed you, conspiracy is an entirely distinct and separate offense from the actual commission of the object of the conspiracy. The actual commission of the object of the conspiracy is not an element of the crime of conspiracy. Thus, the Government does not have to prove that any United States national was actually killed in order for the defendant to be guilty of Count One.

Adapted from the jury instructions in *United States v. Al Fawwaz*, S7 98 Cr. 1023 (LAK) (S.D.N.Y. 2015); *United States v. Abu Ghayth*, S14 98 Cr. 1023 (LAK) (S.D.N.Y. 2014); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); *United States v. Greenberg et al.*, S1 05 Cr. 888 (LAK) (S.D.N.Y. 2008); *United States v. Usama Bin Laden*, et al., S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS); *See United States v. Maldonado-Rivera*, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy); *United States v. Ciambrone*, 787 F.2d 799, 810 (2d Cir. 1986) (discussing elements of conspiracy). *See also United States v. Farhane*, 634 F.3d 127, 144 (2d Cir. 2011); *United States v. Hassan*, 742 F.3d 104 (4th Cir. Feb. 4, 2014); Sand, *Modern Federal Jury Instructions*, Instr. 19-3.

Request No. 9          **Count Two: Overview and Statute**

Count Two of the Indictment charges the defendant with the attempted murder of U.S. nationals abroad.  Specifically—and I am reading now from the Indictment—Count Two charges that [the Court is respectfully requested to read Count Two of the Indictment.]

The federal law that the defendant is charged with violating in Count Two is a provision of the United States Code which provides in relevant part:

> Whoever outside the United States . . . attempts to kill . . . a national of the United States . . . in the case of an attempt to commit a killing that is a murder . . . [is guilty of a crime].

18 U.S.C. § 2332(b).

Request No. 10        **Count Two: Elements**

As I have said, Count Two of the Indictment charges the defendant with attempting to commit the murder of U.S. nationals abroad. To sustain its burden of proof with respect to the attempt crime charged in Count Two, the Government must prove beyond a reasonable doubt the following elements:

First, that the defendant intended to murder U.S. nationals; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish that crime while the defendant was located outside the United States.

I have already explained to you relevant definitions for this crime in my instructions for Count One, and you should apply those instructions here. I will now instruct you on the law of attempt:

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense or devising, obtaining, or arranging the means for its commission, is, without more, not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime constitute an attempt when the acts themselves clearly

18

indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

There is no requirement that the attempt be successful or that the defendant actually have carried out the crime he was trying to commit. Thus, the Government does not have to prove that any United States national was actually killed in order for the defendant to be guilty of Count Two.

> Adapted from the jury instructions in *United States v. Hossain*, S1 19 Cr. 606 (SHS) (S.D.N.Y. 2021); *United States v. Al Fawwaz*, S7 98 Cr. 1023 (LAK) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions*, Instr. 10-1.

Request No. 11          **Count Two: Aiding and Abetting**

Now in connection with the attempted murder of U.S. nationals abroad offense alleged in Count Two, in addition to charging the defendant with that attempt crime, Count Two charges the defendant with what is called aiding and abetting. Aiding and abetting is its own theory of criminal liability. In effect, it is a theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime. If you do not find beyond a reasonable doubt that the defendant himself committed the attempted murder of U.S. nationals abroad offense alleged in Count Two, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that the defendant aided and abetted someone else in the commission of attempted murder of U.S. nationals abroad as alleged in that Count.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. A person who aids and abets another to commit or attempt to commit a substantive crime is just as guilty of that crime as if he had personally committed or attempted to commit it. You may thus find the defendant guilty if you find beyond a reasonable doubt that the Government has proven that someone committed the charged attempted murder offense and that the defendant helped or assisted that person in the commission of that offense.

The first requirement is that you must find that another person has committed the charged attempted murder offense. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do

20

find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

To aid and abet another to commit a crime, the defendant must have willfully and knowingly associated himself in some way with the crime and he must have willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions: Did someone other than the defendant commit the crime at issue, which in the case of Count Two is the attempted murder of U.S. nationals abroad? Did the defendant participate in the crime charged as something that he wished to bring about? Did he associate himself with the criminal venture knowingly and willfully? Did he seek by his actions to make the criminal venture succeed? If he did, then the defendant is an aider and abettor and therefore guilty of the offense alleged in Count Two. If, on the other hand, your answer to any one of these questions is no, then the defendant is not an aider and abettor and you must find him not guilty of aiding and abetting Count Two.

Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018).

Request No. 12          **Count Three: Overview and Statute**

Count Three of the Indictment charges the defendant with conspiring to murder U.S. service members.  Specifically—and I am reading now from the Indictment—Count Three charges that [the Court is respectfully requested to read Count Three of the Indictment.]

The federal law that the defendant is charged with violating in Count Three is a provision of the United States Code which provides in relevant part:

> If two or more persons conspire to violate section 1111 [or] 1114 . . . of this title, and one or more of such persons do any overt act to effect the object of the conspiracy, each is guilty of a crime.

18 U.S.C. § 1117.

 Section 1111 makes it a crime to commit murder, which I have already defined as the unlawful killing of a human being with malice aforethought.  Section 1114 makes it a crime to kill any officer or employee of the United States, while such officer or employee is engaged in or on account of the performance of official duties.

> Adapted from the jury instructions in *United States v. Al Fawwaz*, S7 98 Cr. 1023 (LAK) (S.D.N.Y. 2015); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); *United States v. Usama Bin Laden*, et al., S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS); Sand, *Modern Federal Jury Instructions*, Instr. 19-4.

Request No. 13          **Count Three: Elements**

To sustain its burden of proof with respect to the conspiracy charged in Count Three of the Indictment, the Government must prove beyond a reasonable doubt the following elements:

First: that the conspiracy charged in Count Three existed, that is, a conspiracy, from at least in or about 2019 up to and including May 2020, to murder officers or employees of the United States while such officers or employees were engaged in, or on account of the performance of, their official duties, or any person assisting such officer or employee in the performance of such duties or on account of that assistance;

Second: that the defendant knowingly and willfully joined the charged conspiracy; and

Third: that an overt act occurred; that is, that someone within the conspiracy took some action to advance the goal of the conspiracy.

I already have instructed you as to these three elements of conspiracy, and as to the definition of "murder" and you should rely on my previous legal instructions here.

I further instruct you that it is not necessary for the Government to prove the identity of any specifically contemplated victim or victims of the conspiracy to kill, or the specific location or locations where the contemplated killing was to occur.

I instruct you that an individual performs an "official duty" when he or she acts within the scope of what he or she is employed to do. To murder someone "on account of the performance of their official duties" is to murder someone because he or she performs that duty.

The term "officers and employees of the United States" is self-explanatory. It includes officers and employees of any agency in any branch of the United States Government, including members of the U.S. military services.

24

As I have already instructed you, conspiracy is an entirely distinct and separate offense from the actual commission of the object of the conspiracy.  The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy.  Thus, the Government does not have to prove that any officer or employee of the United States was actually killed for the defendant to be guilty of Count Three.

> Adapted from the jury instructions in *United States v. Al Fawwaz*, S7 98 Cr. 1023 (LAK) (S.D.N.Y. 2015); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); *United States v. Usama Bin Laden*, et al., S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS); Sand, *Modern Federal Jury Instructions*, Instr. 19-4.

Request No. 14          **Count Four: Overview and Statute**

Count Four of the Indictment charges the defendant with the attempted murder of U.S.

service members.  Specifically—and I am reading now from the Indictment—Count Four charges

that [the Court is respectfully requested to read Count Four of the Indictment.]

The federal law that the defendant is charged with violating in Count Four is a provision of

the United States Code which provides in relevant part:

> Whoever . . . attempts to kill  any officer or employee of the United
> States or of any agency in any branch of the United States
> Government (including any member of the uniformed services)
> while such officer or employee is engaged in or on account of the
> performance of official duties, or any person assisting such officer
> or employee in the performance of such duties or on account of that
> assistance [is guilty of a crime].

18 U.S.C. § 1114.

Request No. 15          **Count Four: Elements**

As I have said, Count Four of the Indictment charges the defendant with the attempted murder of U.S. service members. To sustain its burden of proof with respect to the attempt crime charged in Count Four, the Government must prove beyond a reasonable doubt the following elements:

First, that the defendant intended to murder any officer or employee, or any person assisting such officer or employee, of the United States or of any agency in any branch of the United States Government;

Second, that the defendant intended that such murder be committed while such officers or employees were engaged in the performance of their official duties or on account of the performance of such duties, or on account of the assistance provided by persons assisting them in such duties; and

Third, that the defendant did some act that was a substantial step in an effort to bring about or accomplish that crime.

I have already explained to you the relevant definitions for this crime in my instructions for Count Three, and I have previously explained the law of attempt, and you should apply those instructions when you consider this Count.

> Adapted from the jury instructions in *United States v. Hossain*, S1 19 Cr. 606 (SHS) (S.D.N.Y. 2021); *United States v. Al Fawwaz*, S7 98 Cr. 1023 (LAK) (S.D.N.Y. 2015); *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); *United States v. Usama Bin Laden*, et al., S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS); Sand, *Modern Federal Jury Instructions*, Instr. 19-4.

27

Request No. 16          **Count Four: Aiding and Abetting**

Additionally, Count Four charges the defendant with aiding and abetting the attempted murder of U.S. service members offense alleged in Count Four.  If you do not find beyond a reasonable doubt that the defendant himself committed the attempted murder of U.S. service members offense alleged in Count Four, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that the defendant aided and abetted someone else in the commission of attempted murder of U.S. service members as alleged in that Count.  I have previously explained the law of aiding and abetting, and you should apply those instructions when you consider this Count.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018).

Request No. 17        **Count Five: Overview and Statute**

Count Five of the Indictment charges the defendant with providing and attempting to provide material support to terrorists. Specifically—and I am reading now from the Indictment—Count Five charges that [the Court is respectfully requested to read Count Five of the Indictment.]

The federal law that the defendant is charged with violating in Count Five is a provision of the United States Code which provides in relevant part:

> Whoever provides material support or resources . . . knowing or intended that they are to be used in preparation for, or in carrying out, a violation of sections . . . 956 . . . 1114 . . . 2332(a) . . . [or] 2332(b) . . . or attempts to do such an act [is guilty of a crime].

18 U.S.C. § 2339A.

Request No. 18          **Count Five: Elements**

To sustain its burden of proof with respect to the crime charged in Count Five of the Indictment, the Government must prove beyond a reasonable doubt the following elements:

First, that the defendant knowingly provided, or attempted to provide, material support or resources; and

Second, that the defendant knew or intended that the provision or attempted provision of such material support or resources would be used in preparation for or in carrying out another crime, specifically, any of the following:

      (a) Murdering U.S. military service members;

      (b) Murdering U.S. nationals; or

      (c) Conspiring to murder U.S. nationals.

***The First Element – Providing or Attempting to Provide Material Support or Resources***

With respect to the first element I just described, the Government must prove that the defendant knowingly provided or attempted to provide material support or resources, which includes intangible property, services, expert advice or assistance, and personnel.

To act "knowingly" is to act voluntarily and purposely and not by mistake or accident.

To "provide" material support or resources means "making available" material support or resources.

The words "property" and "services" have their ordinary meanings.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

The term "personnel" means one or more persons, which can include a defendant's own person. This element is satisfied if a defendant knowingly and intentionally provided one or more individuals, which may include himself, to work under the direction or control of the members of a group, or to organize, manage, supervise or otherwise direct the operation of the members of the group.

I have already instructed you on the law of attempt, and you should apply those instructions when considering this count.

If you find beyond a reasonable doubt that the defendant provided or attempted to provide material support or resources, then this element is satisfied. However, as part of your finding, you must agree unanimously with respect to at least one of the forms of material support or resources that the defendant provided or attempted to provide.

### The Second Element – Purpose of Providing Material Support or Resources

With respect to the second element for this count, the Government must prove that the defendant knew or intended that the provision or attempted provision of such material support or resources would be used in preparation for or in carrying out another crime, specifically, any of the crimes I previously listed when describing this count: murdering U.S. military service members; murdering U.S. nationals; or conspiring to murder U.S. nationals. These crimes are sometimes referred to as "predicate crimes."

As to these predicate crimes, I have already instructed you as to the elements of conspiring to murder and murdering U.S. nationals and murdering U.S. service members in Counts One, Two, and Four, respectively, and you should apply those instructions in considering this count.

This second element for Count Five requires you to find only that the defendant have either knowledge or intent that the material support or resources would be used by another in preparation for or in carrying out one of the listed predicate crimes. It does not require that any of the predicate crimes have actually been committed, or that the defendant had the specific intention to commit, or the intention to aid or encourage the commission of, the particular predicate crime.[1] To find the defendant guilty as to this count, you must unanimously agree as to which predicate crime or crimes the defendant provided or attempted to provide material support or resources in furtherance of, and the verdict sheet will ask you to so specify.

As you can see, this element concerns a person's state of mind. Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Rarely is direct proof of state of mind available. Such direct proof is not required. However, you do have before you evidence of certain acts alleged to have taken place and certain physical evidence that can help you infer what was going on in someone's mind. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

> Adapted from the jury instructions in *United States v. Hossain*, S1 19 Cr. 606 (SHS) (S.D.N.Y. 2021); *United States v. Ullah*, 18 Cr. 16 (RJS) (S.D.N.Y. 2018); *United States* v. *Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. 2019); *United States v. Mustafa*, 04 Cr. 356 (KBF) (S.D.N.Y. 2014); *United States v. Kaziu*, 09 Cr. 660 (FB) (E.D.N.Y. 2011); *United States v. Kassir*, S2 04 Cr. 356 (JFK) (S.D.N.Y.

---

[1] *See United States v. Hossain*, S1 19 Cr. 606 (SHS) (S.D.N.Y. 2021) (Tr. 875) ("Specific intent is that the defendant provided the support with knowledge it's to be used in carrying out the underlying offense, the predicate offense, which is the killing of U.S. nationals abroad."); *Linde v. Arab Bank, PLC,* 384 F. Supp. 2d 571, 586 (E.D.N.Y. 2005) ("Sections 2339A and 2339C only require knowledge or intent that the resources given to terrorists are to be used in the commission of terrorist acts. Neither requires the specific intent to aid or encourage the particular attacks."); *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 45-46 (D.D.C. 2010) (same).

2009); *United States v. Sattar*, S1 02 Cr. 395 (JGK) (S.D.N.Y. 2005); *United States v. Haouari*, 00 Cr. 15 (JFK) (S.D.N.Y. 2001).

Request No. 19     **Count Five: Aiding and Abetting**

Additionally, Count Five charges the defendant with aiding and abetting the provision and attempted provision of material support to terrorists offense alleged in Count Five.  If you do not find beyond a reasonable doubt that the defendant himself committed the provision and attempted provision of material support to terrorists offense alleged in Count Five, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that the defendant aided and abetted someone else in the commission of provision or attempted provision of material support to terrorists as alleged in that Count.  I have previously explained the law of aiding and abetting, and you should apply those instructions when you consider this Count.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018).

Request No. 20          **Count Six: Overview and Statute**

Count Six of the Indictment charges the defendant with illegally transmitting national defense information.  Specifically—and I am reading now from the Indictment—Count Six charges that [the Court is respectfully requested to read Count Six of the Indictment.]

The federal law that the defendant is charged with violating in Count Six is a provision of the United States Code which provides in relevant part:

> Whoever, lawfully having possession of, access to, control over, or being entrusted with any . . . information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits or causes to be communicated, delivered, or transmitted or attempts to communicate, deliver, transmit or cause to be communicated, delivered or transmitted the same to any person not entitled to receive it [is guilty of a crime].

18 U.S.C. § 793(d).

Request No. 21        **Count Six: Elements**

To sustain its burden of proof with respect to the crime charged in Count Six of the Indictment, the Government must prove beyond a reasonable doubt the following elements:

<u>First</u>: that the defendant had lawful possession of, access to, control over, or was entrusted with information;

<u>Second</u>, that the information in question was related to the national defense;

<u>Third</u>: that the defendant had reason to believe that the information could be used to the injury of the United States or to the advantage of any foreign nation; and

<u>Fourth</u>: that the defendant willfully communicated, or delivered, or transmitted, or caused to be communicated, delivered, or transmitted, or attempted to communicate, deliver, transmit and cause to be communicated, delivered, and transmitted, the information to a person who was not entitled to receive it.

***The First Element: Possession***

The first element of Count Seven that the Government must prove beyond a reasonable doubt is that the defendant had lawful possession of, access to, control over, or was entrusted with the information in question. The word "possession" is a commonly used and commonly understood word. Basically it means the act of having or holding property or the detention of property in one's power or command. Possession may mean actual physical possession or constructive possession. A person has constructive possession of something if he knows where it is and can get it any time he wants, or otherwise can exercise control over it. A person has lawful possession of something if he is entitled to have it.

***The Second Element: National Defense Information***

36

The second element of the offense that the Government must prove beyond a reasonable doubt is that the information that the defendant is charged with transmitting is connected with the national defense of the United States. You must determine whether the information is directly and reasonably connected with the national defense. The term "national defense" is a broad term that refers to United States military and naval establishments, U.S. intelligence, and to all related activities of national preparedness.

To qualify as national defense information, the Government must prove that the material is closely held by the United States Government. Where the information has been made public by the United States Government and is found in sources lawfully available to the general public, it is not "closely held." Similarly, where sources of information are lawfully available to the public at the time of the claimed violation and the United States Government has made no effort to guard such information, the information itself is not "closely held." Only information relating to our national defense that is not lawfully available to the public at the time of the claimed violation falls within the prohibition of this section.

In determining whether material is "closely held," you may consider whether it has been classified by appropriate authorities and whether it remained classified on the dates pertinent to the indictment. Although you may consider whether information has been classified in determining whether it has been closely held, I caution you that the mere fact that information is classified does not mean that the information qualifies as "national defense information." Whether the information is connected with the national defense is a question of fact that you, the jury, must determine, following the instructions that I have just given you about what those terms mean.

In deciding this issue, you should examine the information, and also consider the testimony of witnesses who testified as to their content and their significance, and who described the purpose and the use to which the information contained therein could be put.

### The Third Element: Knowledge and Intent

The third element of the offense that the Government must establish beyond a reasonable doubt is that the defendant had reason to believe that the information could be used to the injury of the United States or used to the advantage of a foreign country. A defendant has "reason to believe" if the defendant knew facts from which he concluded or reasonably should have concluded that the information relating to the national defense was to be used for the prohibited purposes. It does not mean that the defendant acted negligently.

In determining whether the defendant has "reason to believe" the question is whether a reasonable person in the defendant's position would have reached the same conclusion.

In considering whether or not the defendant had the intent or reason to believe that the information could be used to the injury of the United States or to provide an advantage to a foreign country, you may consider the nature of the information involved. In considering this Count, you need not determine that the defendant had reason to believe that the information *would* be used against the United States, only that it *could* be so used.

The Government does not have to prove that the defendant intended or had reason to believe that the information could both injure the United States and provide an advantage to a foreign country. The statute reads in the alternative and so either ground would be sufficient for the Government to meet its burden. Further, the country to whose advantage the information

could be used need not necessarily be an enemy of the United States. The statute does not distinguish between friend and enemy.

***The Fourth Element: Willful Communication, Delivery, or Transmission***

The fourth element of Count Seven that the Government must establish beyond a reasonable doubt is that the defendant willfully communicated, delivered, transmitted, or caused to be communicated, delivered, or transmitted or attempted to communicate, deliver, or transmit the information in question to a person not entitled to receive it.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law. However, in determining whether a defendant has acted willfully, it is not necessary for the Government to establish that the defendant was aware of the specific law or rule that his conduct may be violating.

In deciding whether a person was entitled to receive the information, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the information or testimony concerning limitations on access to the information. A person is not entitled to receive classified information if he or she did not hold a security clearance, or if he or she holds a security clearance but has no need to know the information.

"Need to know" means a determination made by an authorized holder of classified information that a prospective recipient requires access to the specific classified information in order to perform or assist in a lawful and authorized government function.

For this Count, the Government need not prove that the defendant actually delivered or transmitted the information. It is enough to prove that the defendant merely attempted to do so.

Further, the Government need not prove that the defendant did the act himself—it is enough to

prove that he caused the act to be done.

> Adapted from the jury instructions in *United States v. Schulte*, S2 17 Cr. 548 (PAC) (S.D.N.Y. 2020); *United States v. Mallory*, 17 Cr. 154 (TSE) (E.D.Va. 2018); *United States v. Sterling*, 10 Cr. 485 (LMB) (E.D. Va. 2015) *United States v. Abu Jihaad*, 07 Cr. 57 (MRK) (D.Conn. 2008); *United States v. Kenneth Ford*, 05 Cr. 235 (PJM) (D. Md. 2005); *United States v. Drummond*, 63 Cr. 910 (EW) (S.D.N.Y. 1963); 18 U.S.C. § 793; *see also Gorin* v. *United States*, 312 U.S. 19, 28 (1941); *United States* v. *Soblen*, 301 F.2d 236, 239 (2d Cir. 1962); Modern Federal Jury Instructions ¶ 29-11 (2019).

Request No. 22          **Count Seven: Overview and Statute**

Count Seven of the Indictment charges the defendant with illegally delivering national

defense information.   Specifically—and I am reading now from the Indictment—Count Seven

charges that [the Court is respectfully requested to read Count Seven of the Indictment.]

The federal law that the defendant is charged with violating in Count Seven is a provision

of the United States Code which provides in relevant part:

> Whoever, with intent or reason to believe that it is to be used to the
> injury of the United States or to the advantage of a foreign nation,
> communicates, delivers, or transmits, or attempts to communicate,
> deliver, or transmit, to any foreign government, or to any faction or
> party or military or naval force within a foreign country, whether
> recognized or unrecognized by the United States, or to any
> representative, officer, agent, employee, subject, or citizen thereof,
> either directly or indirectly, any . . . information relating to the
> national defense [is guilty of a crime].

18 U.S.C. § 794(a).

Request No. 23         **Count Seven: Elements**

To sustain its burden of proof with respect to the crime charged in Count Seven of the Indictment, the Government must prove beyond a reasonable doubt the following elements:

First: that the defendant communicated, delivered, or transmitted, or attempted to communicate, deliver, or transmit information to a citizen of a foreign country or a faction, party, or military force in a foreign country;

Second: that the information in question was related to the national defense;

Third: that the defendant acted with intent or reason to believe that the information in question was to be used to the injury of the United States or the advantage of a foreign nation; and

Fourth: that the defendant willfully communicated, delivered, or transmitted, or attempted to communicate, deliver, or transmit the information.

I have already instructed you regarding certain of these terms, including the terms willfully; attempt; and information related to the national defense, and you should apply those instructions when considering this count.

***The Third Element: Knowledge and Intent***

The third element of the offense that the Government must establish beyond a reasonable doubt for Count Seven is that the defendant had reason to believe that the information would be used to the injury of the United States or used to the advantage of a foreign country. In considering whether or not the defendant had the intent or reason to believe that the information would be used to the injury of the United States or to provide an advantage to a foreign country, you may consider the nature of the information involved. I emphasize that in considering this Count, and unlike in your consideration of Count Seven as I previously instructed you, you must find that the defendant

42

had the intent or reason to believe that the information *would* be used to the injury of the United States or to the advantage of a foreign country, not just that it *could* be so used.

Again, the Government does not have to prove that the defendant's intent or reason to believe was both to injure the United States and to provide an advantage to a foreign country. The statute reads in the alternative. Further, the country to whose advantage the information would be used need not necessarily be an enemy of the United States. The statute does not distinguish between friend and enemy.

If you find beyond a reasonable doubt, therefore, that the defendant acted with the intent or with reason to believe that the information would be used to injure the United States or to provide an advantage to a foreign country, the third element of the offense is satisfied.

> Adapted from the jury instructions in *United States v. Schulte*, S2 17 Cr. 548 (PAC) (S.D.N.Y. 2020); *United States v. Mallory*, 17 Cr. 154 (TSE) (E.D.Va. 2018); *United States v. Gowadia*, 05 Cr. 486 (KSC) (D. Haw. 2010); *United States v. Sterling*, 10 Cr. 485 (LMB) (E.D. Va. 2015) *United States v. Abu Jihaad*, 07 Cr. 57 (MRK) (D. Conn. 2008); *United States v. Kenneth Ford*, 05 Cr. 235 (PJM) (D. Md. 2005); *United States v. Drummond*, 63 Cr. 910 (EW) (S.D.N.Y. 1963); 18 U.S.C. § 793; *see also Gorin* v. *United States*, 312 U.S. 19, 28 (1941); *United States* v. *Soblen*, 301 F.2d 236, 239 (2d Cir. 1962); Modern Federal Jury Instructions ¶ 29-11 (2019).

Request No. 24          **Variance in Dates**

The Indictment charges that the defendant participated in Counts One, Two, Three, Four, and Five from at least in or about 2019 up to and including in or about May 2020, and participated in Counts Six and Seven between in or about April 2020 and May 2020.  I instruct you that it does not matter if a specific event is alleged to have occurred in or about a certain date or year but the testimony indicates that in fact it was a different date or year.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Geovanny Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); *United States v. Angelo Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013); *United States v. Sierra*, 10 Cr. 416 (VM) (S.D.N.Y. 2012); Sand, *Modern Federal Jury Instructions*, Instr. 3-12; *see United States v. Heimann*, 705 F.2d 662, 666-67 (2d Cir. 1983).

Request No. 25          **Venue**

In addition to the elements I have described for you, you must decide whether venue is proper in this District.

Congress has determined that certain acts begun or committed outside the territorial jurisdiction of the United States are chargeable under U.S. law. Thus, the Government need not prove that the crimes were committed in the Southern District of New York or that the defendant was present here. Instead, it is enough if you find that the point of entry where the defendant was first brought into the United States was in the Southern District of New York.

I instruct you that Orange County, including New York Stewart International Airport, is in the Southern District of New York.

I should note that on this issue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligation if you conclude that it is more likely than not that the point of entry where the defendant was first brought into the United States was located in this District.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Mustafa*, 04 Cr. 356 (KBF) (S.D.N.Y. 2014); *United States v. Geovanny Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Charles S. Haight, Jr., Jury Charge, *United States v. Rogers,* 90 Cr. 377 (CSH) (S.D.N.Y. 1991); and Sand, *Modern Federal Jury Instructions,* Instr. 3-11.

*See* 18 U.S.C. § 3238 ("The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought . . ."). *See also United States v. Gonzalez,* 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

Request No. 26          **Defendant's Testimony (If Applicable)**

A defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under the U.S. Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> *See United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007)
> (discussing appropriate charges when a defendant testifies).

Request No. 27        **Defendant's Right Not to Testify (If Requested by the Defendant)**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); and *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018).

Request No. 28          **Similar Act Evidence (If Applicable)**

You have heard evidence that on [a] certain occasion[s], the defendant engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant is only on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in the similar acts, and if you find that the similar acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in the Indictment.  You also may, but you need not, infer that the acts charged in the Indictment and the similar conduct were part of a common plan or scheme committed by the defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues. You may not consider such evidence for any other purpose. Specifically, you may not consider it as evidence that the defendant is of a bad character or has a propensity to commit crime.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25, 5-26; *see United States v. Brand*, 467 F.3d 179, 206 (2d Cir. 2006) (approving of Sand instruction on similar act evidence).

Request No. 29          **Uncalled Witness: Equally Available to Both Sides**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); and Sand, *Modern Federal Jury Instructions*, Instr. 6-7.

Request No. 30        **Persons Not On Trial**

Some of the people who may have been involved in events leading to this trial are not on trial.  There is no requirement that all members of a conspiracy charged are prosecuted or tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that any person other than the defendants is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Geovanny Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); and *United States v. Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013).

Request No. 31          **Law Enforcement Witnesses**

You have heard testimony from law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); and *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018).

Request No. 32          **Use of Evidence Obtained Pursuant to Searches (If Applicable)**

You have heard evidence that law enforcement officials recovered certain evidence during

certain searches.  This evidence was properly admitted in this case and may properly be considered

by you.

Whether you approve or disapprove of how this evidence was obtained should not enter into

your deliberations because I now instruct you that the Government's use of this evidence is entirely

lawful.

You must, therefore, regardless of your personal opinions, give this evidence full

consideration along with all the other evidence in the case in determining whether the Government

has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the jury instructions in *United States v. Castillo*, 19
> Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and
> Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v.
> Schulte*, S2 17 Cr. 548 (PAC) (S.D.N.Y. 2020); *United States v.
> Mustafa*, 04 Cr. 356 (KBF) (S.D.N.Y. 2014).

Request No. 33          **Use of Evidence Obtained at Time of Arrest**

You have heard testimony that when law enforcement officers apprehended the defendant, they seized evidence from him.  The evidence allegedly obtained at the time of the arrest was properly admitted in this case and may properly be considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations.

Therefore, regardless of your personal opinions, you must give this evidence full consideration, along with all the other evidence in the case, in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charges of the Hon. Pierre N. Leval in *United States v. Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992); and *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

Request No. 34          **Use of Recordings**

Video, audio, and/or text recordings of various conversations have been admitted into evidence. Whether you approve or disapprove of the recording of those conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, that the Government's use of this evidence is entirely lawful, and that it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant. Of course, it is for you to decide what weight, if any, to give to this evidence.

If you wish to hear any of the recordings again, they will be made available to you during your deliberations.

The Government and defense have been permitted to hand out typed documents which they prepared, containing the parties' interpretation of what appears on the recordings that have been received as evidence. Because the recordings are in English, the transcripts were given to you only as an aid or guide to assist you in listening to the recordings. You alone should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than what appeared on the transcript, then what you heard is controlling.

Certain redactions, or deletions, were made from the transcripts of the recordings. You should draw no adverse inference against either party as a result of these redactions, nor should you speculate on what may have been redacted.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018).

Request No. 35        **Redaction of Evidentiary Items**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or tape was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Geovanny Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); *United States v. Nina, et al.*, 13 Cr. 322 (RJS) (S.D.N.Y. 2013).

Request No. 36          **Stipulations of Testimony (If Applicable)**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); Sand, *Modern Federal Jury Instructions*, Instr. 5-7.

Request No. 37        **Stipulations of Fact (If Applicable)**

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation

of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-

upon facts as true.

> Adapted from the jury instructions in *United States v. Castillo*, 19
> Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and
> Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); Sand, *Modern
> Federal Jury Instructions*, Instr. 5-6.

Request No. 38       **Particular Investigative Techniques Not Required (If Applicable)**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); *United States v. Geovanny Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); *United States v. Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); *United States v. Morales*, 11 Cr. 29 (DLC) (S.D.N.Y. 2011).

Request No. 39          **Confidential Sources**

There has been evidence introduced at trial that the Government used a confidential source in this case.  I instruct you that there is nothing improper in the Government's use of confidential sources and, indeed, certain criminal conduct never would be detected without the use of such confidential sources.  You, therefore, should not concern yourselves with how you personally feel about the use of confidential sources, because that is really beside the point.  Put another way, your concern is to decide whether the Government has proved the guilt of the defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of confidential sources.

[If Applicable] On the other hand, where confidential sources testify, as they did here, their testimony should be scrutinized with care.  You can consider whether the confidential sources received any benefits or promises from the Government which would motivate them to testify falsely against the defendant.

If you decide to accept a confidential source's testimony, after considering it in the light of all the evidence in the case, then you may give it whatever weight, if any, you find it deserves.

Adapted from Modern Federal Jury Instructions § 7-14.

Request No. 40        **Preparation of Witnesses (If Applicable)**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); and *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018).

Request No. 41          **Charts and Summaries (If Applicable)**

The Government (and/or defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018); and Sand, *Modern Federal Jury Instructions*, Instr. 5-12.

Request No. 42          **Expert Testimony (If Applicable)**

You have heard testimony from (an) expert witness(es) [Dr. Peter Simi, an expert on white supremacist extremism].  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

> Adapted from the jury instructions in *United States v. Geovanny Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); *United States v. Waqar*, 18 Cr. 342 (SHS) (S.D.N.Y. 2019); *United States v. Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010); Modern Federal Jury Instructions § 7-21.

Request No. 43          **Character Witnesses (If Applicable)**

There has been testimony that the defendant [the Court is respectfully requested to describe the testimony, such as, has a good reputation for honesty and integrity in the community].  This testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant you are considering merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant.  The guilt or innocence of the defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

Request No. 44        **False Exculpatory Statements (If Applicable)**

You have heard evidence that the defendant made certain statements outside the courtroom to law enforcement officials in which they exonerated or exculpated themselves in connection with some aspect of the charges against them, and the Government claims that these statements are false.

If you find that a defendant gave a false statement to divert suspicion from himself, you may, but are not required to, infer that the defendant believed that a truthful answer would have placed him in jeopardy, legal or otherwise, or that he believed that he may be guilty of some crime. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged. Nor can any such false exculpatory statements alone establish, or be sufficient for an inference to be drawn, that the defendant knew of and intentionally joined the conspiracies charged.

Whether or not the evidence as to that defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to such evidence, are matters for you, the jury, to decide.

> Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); and *United States v. Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS).

Request No. 45          **Conclusion**

I have now outlined for you the rules of law applicable to this case and the processes by which you weigh the evidence and determine the facts.  You are now about to begin your deliberations on the issues of fact that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues in this case and render a true verdict.

When you retire to the jury room and begin your deliberations, your first task will be to select a foreperson, but, of course, his or her vote is entitled to no greater weight than that of any other juror.  The foreperson has no greater voice or authority than any other juror.  The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict.  If you do not wish to select a foreperson, juror number one will serve as the foreperson by default.

Your function now is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.  You must base your verdict solely on the evidence presented during this trial and these instructions as to the law, whether you agree or disagree with the particular law in question.

The verdict must reflect the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.  Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.  I thank you for your attention and attentiveness.

* * * * *

Members of the jury, you may now begin your deliberations.

Adapted from the jury instructions in *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); and *United States v. Grant and Reichberg*, 16 Cr. 468 (GHW) (S.D.N.Y. 2018).

Date:   New York, New York
        February 1, 2022

                                        Respectfully Submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

                        By:     _____/s/_____

                                        Samuel S. Adelsberg
                                        Matthew J.C Hellman
                                        Assistant United States Attorneys
                                        (212) 637- 2494 / 2278

Cc:     Defense Counsel
        (Via ECF)