# EXHIBIT C



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 9, 2021

**BY EMAIL**

Jonathan Marvinny, Esq.
Hannah McCrea, Esq.
Federal Defenders of New York Inc.
52 Duane Street, 10th Floor
New York, NY 10007

    Re: *United States v. Ethan Phelan Melzer*, S1 20 Cr. 314 (GHW)

Dear Counsel:

    This letter provides notice, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), of certain expert testimony that the Government intends to offer during its case-in-chief at trial. The Government reserves the right to call additional expert witnesses and will promptly provide notice if the Government elects to do so.

## ORDER OF NINE ANGLES AND RELATED TOPICS

    The Government intends to call Dr. Peter Simi, an Associate Professor at Chapman University, to testify as an expert on white supremacist movements, including the Order of Nine Angles ("O9A"). The Government plans to offer testimony from Dr. Simi regarding O9A history, leadership, philosophy, structure, goals, objectives, and means and methods, including: (i) current and historical sources and influences on O9A's ideology and objectives, including Neo-Nazi and white supremacist ideology and groups (such as the Temple ov Blood and Atomwaffen), Islamist jihadist ideology and groups (such as al Qaeda), and Satanic, fascist, occultist, and anarchist ideologies and groups; (ii) O9A literature, including *The Sinister Tradition*; (iii) key events in O9A's history, including historical acts of violence perpetrated by O9A members and associates; (iv) the organization's use of encrypted messaging applications (such as Telegram) to recruit members and further its objectives; (v) the meaning and significance of certain terms (including slang words), images, symbols, and other content used by O9A members and associates, including terms, images, symbols, and other content located in the defendant's electronic devices, online accounts, and other materials recovered during the investigation of this case; (vi) O9A structure and organization in the United Kingdom, the United States, and elsewhere, including particular O9A subgroups; and (vii) O9A methods and tactics, including the promotion of "insight roles," which refer to the group's practice of infiltrating organizations, including law enforcement and the military, to further the goals of O9A. Dr. Simi's resume is attached as Exhibit A; as a courtesy,

we are also producing to you Dr. Simi's prior testimony in *State of Oregon v. Christian* and *Sines v. Kessler*, attached as Exhibits B and C, respectively. The Government expects that Dr. Simi will illustrate his testimony with demonstrative slides, and we will provide copies of those slides after they become available.

## **ELECTRONIC DEVICES**

The Government intends to elicit testimony from individuals who extracted data from electronic devices seized during the course of the investigation of the defendant. Forensic reports of the extracted data were produced previously. While the Government does not consider the expected testimony of any such witness regarding the extraction of data from electronic devices to constitute expert testimony under Federal Rules of Evidence 702, 703, or 705, as the focus of their testimony will be on what was found on the devices rather than any area of specialized knowledge on which they relied in conducting the examinations, we are nonetheless providing this notice out of an abundance of caution. *See United States v. Marsh*, 568 F. App'x 15, 16-17 (2d Cir. 2014) (finding no error in allowing lay, non-expert testimony relating to search of electronic device where witness simply "explained his training," "described" his search, and "testified to the contents of the messages retrieved from the phone"); *United States v. Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (agent's testimony not expert testimony where he "simply testified to what he found on the [defendant's] hard drive . . . , without expressing an opinion that required specialized knowledge or offering insight beyond common understanding"); *United States v. Scott-Emuakpor*, 2000 WL 288443, at *12 (W.D. Mich. 2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs. The question is whether they have the skill to find out what is on a hard drive or a zip drive. Apparently, they have this skill because they determined what was on the drives. By analogy, a person need not be an expert on English literature in order to know how to read."). The Government will provide the defense with CVs setting forth the qualifications for these witnesses once they have been identified.

## **DISCLOSURE BY THE DEFENDANT**

The Government reiterates its prior requests for reciprocal discovery under Federal Rule of Criminal Procedure 16(b) and for notice under Rules 12.1, 12.2, and 12.3. Specifically, the Government requests that the defendant:

- Allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

- Disclose prior statements of witnesses the defendant will call to testify at trial, including expert witnesses. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

- Pursuant to Rule 16(b)(1)(C), provide notice regarding any expert witness that the defendant intends to rely upon, including a written summary of any testimony that the defendant intends to elicit under Rules 702, 703, or 705. Any such summary should include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

- Pursuant to Rules 12.1, 12.2, and 12.3, provide notice of any alibi defense, insanity defense, or public-authority defense that the defendant intends to rely upon in this case.

Sincerely,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Sam Adelsberg
Matthew Hellman
Assistant United States Attorneys
(212) 637-2494/2278

Enclosures