# EXHIBIT E

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 11, 2022

By email

Samuel Adelsberg, Esq.
Matthew Hellman, Esq.
Assistant United States Attorneys
Southern District of New York

**Re: *United States v. Ethan Melzer*, S1 20 Cr. 314 (GHW)**

Dear AUSAs Adelsberg and Hellman:

    We write to request (i) full production of discovery and (ii) specific items that appear not to have yet been produced in discovery. The following materials and information are requested pursuant to the Federal Rules of Criminal Procedure and the United States Constitution. Each request calls for all responsive items that are within the possession, custody, or control of the government, or which are known to exist or could be known to exist by the exercise of due diligence.

1. Please indicate whether your office has decided not to seek a new superseding indictment, as discussed at the July 26, 2021 conference in this matter.
2. Please produce expert disclosure, including a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. The summary should describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Fed. R. Crim. P. 16(a)(1)(G).
3. Please provide additional information concerning Dr. Peter Simi's proposed testimony, including any opinions he will offer and the bases of those opinions, as these are not explained in your expert notice of December 9, 2021. In addition, please explain how Dr. Simi is qualified to provide expert testimony concerning the Order of Nine Angles (O9A), as this also is not apparent from your notice or the attached materials. Please indicate, for example, whether Dr. Simi had ever researched or written or testified about O9A prior to your engaging him in this case.
4. Please identify each of Melzer's alleged coconspirators—including by providing any information you have concerning their true identities—and produce any discovery in your

      possession that relates to them. Please provide **unredacted** copies of any discovery that you have already produced concerning any of Melzer's alleged coconspirators.

5. Please indicate whether federal or state criminal charges have been filed against any of Melzer's alleged coconspirators. Please provide any information regarding any potential benefit Melzer's alleged coconspirators might receive or expect to receive as a result of their conversations with law enforcement, including prosecutors' offices.

6. Please produce all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information which tends to exculpate Melzer, or which may be favorable or useful to the defense as to either guilt or punishment, or which tends to affect the weight or credibility of evidence to be presented against Melzer. This request applies to evidence which is within the possession, custody or control of the government, or which is, or could by the exercise of due diligence become, known to the government. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S. Ct. 1555 (1995).

7. Please produce any and all documents, information, or other evidence which might tend to impeach the government's witnesses. This includes any and all records and information revealing prior misconduct attributed to the witness; prior inconsistent statements; and present motivation to falsify. This includes materials such as, but not limited to, personnel files, administrative or disciplinary records, rap sheets, and any and all orders, memoranda, and agreements granting the witnesses any form of leniency or immunity from criminal prosecution; any and all investigations and prosecutions into the witnesses' conduct which might reasonably produce a motive for the witnesses' testimony; any and all vouchers or receipts reflecting reimbursement or payments made to the witness; and any and all records, memoranda, and correspondence between any non-law-enforcement witnesses and law enforcement authorities which might reasonably reflect on the witnesses' motives and relationships with the government. This request applies to both law enforcement and non-law enforcement witnesses.

—

Samuel Adelsberg, Esq.  January 11, 2022
Matthew Hellman, Esq.  [3]

Thank you for your attention to these requests.

Respectfully submitted,

/s/ _____
Sarah Baumgartel
Jonathan Marvinny
Hannah McCrea
Ariel Werner
Assistant Federal Defenders
212.417.8700
jonathan_marvinny@fd.org