

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 13, 2022

**BY ECF and EMAIL**
Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States* v. *Ethan Phelan Melzer*, 20 Cr. 314 (GHW)

Dear Judge Woods:

Pursuant to the Court's Order dated May 4, 2022, Dkt. No. 106, the parties jointly submit this letter reflecting their respective positions regarding the Court's proposed voir dire.

With respect to the use of a jury questionnaire in this case, the defendant's position is that use of a questionnaire would be appropriate and preferable in this case. The Government's position is that while the use of a questionnaire would not be inappropriate in this case, and the decision to do so is properly within the Court's discretion, it is not necessary to use a questionnaire in this case. The Government believes that—subject to the comments below—the proposed Court-administered voir dire will be the most efficient way to both adequately address the identified sensitivities and best enable the parties to select an impartial jury qualified to weigh the evidence in this case.

The Government has no objections to the Court's proposed voir dire. The Government respectfully requests that the Court update Paragraphs 14-15 to add the name of Assistant U.S. Attorney Kimberly Ravener.

The defense raises several objections to the Court's voir dire. The defense's objections are set forth below, followed by the Government's responses.

- **Paragraph 7:**
    - The defense requests that the Court delete the phrase "filed by a grand jury sitting in this District," on the grounds that this phrase is unnecessary and bolsters the significance of the indictment.
        - *Government Response:* The Government respectfully submits that the existing language is standard, accurate, and appropriately included. *See, e.g., United States v. Landji and Adamu*, 18 Cr. 601 (PGG), Voir Dire of the Hon. Paul G. Gardephe, Oct. 6, 2021 Tr. 5-6 (attached hereto as Ex. A).

Honorable Gregory H. Woods
May 13, 2022
Page 2 of 5

- o The defense requests that the Court delete the phrase "for terrorism" from its description of Count Five, on the grounds that: Terrorism is not mentioned in the statute's text and is not an element. The crime is providing material support to aid in certain enumerated offenses. Terrorism is an inflammatory, inaccurate, and unnecessary word. The defense requests that this phrase be replaced with "in furtherance of certain other offenses."
    - *Government Response:* The Government objects to the defendant's proposed alteration, and respectfully submits that the current language is accurate, appropriate, and necessary to describe the charged offense. The Court should reject the defendant's proposal to strike the words "for terrorism" from this paragraph for several reasons. First, Congress used the term "terrorists" in the statutory title of 18 U.S.C. § 2339A, which reads "Providing material support to terrorists." Second, courts routinely use the term "terrorism" to describe the alleged violation of 18 U.S.C. § 2339A. *See, e.g.*, *United States v. Hossain*, 19 Cr. 606 (SHS), Charge of the Hon. Sidney H. Stein, Dkt. No. 168, Oct. 6, 2021 Tr. 928-29 (describing Section 2339A count as the provision of "material support or resources for certain acts of terrorism"). Avoiding use of the term in voir dire is highly impractical given that the jury instructions, for one, will necessarily include the term. Third, the defendant's proposed edit would render the Court's overview essentially meaningless and leave the jury with no discernible description of the charged offense. Courts in this Circuit routinely permit the use of terms that the defense might argue are prejudicial when those terms are essential components of describing the alleged crime.[1] Because the term "terrorism" will be part of the case, and is an essential component of accurately and meaningfully describing Count Five, using the term "terrorism" in voir dire is highly relevant to selecting fair and impartial jurors who will hear evidence regarding the defendant's alleged plot to conduct a terrorist ambush on his military unit.

---

[1] *See, e.g.*, *United States v. Giovinco*, 382 F. Supp. 3d 295, 298 (S.D.N.Y. 2019) (denying pretrial motion to strike from the indictment and preclude reference to certain terms at trial where "[t]he Court is not persuaded that references to 'La Cosa Nostra,' the 'Mafia,' and the 'Genovese Crime Family' would unfairly prejudice Giovinco."); *United States v. Ahmed*, 94 F. Supp. 3d 394, 436 (E.D.N.Y. 2015) (rejecting defendant's motion in limine to preclude usage of terms relating to terrorism and finding "no basis to preclude the Government from using words that are central to the case").

Honorable Gregory H. Woods
May 13, 2022
Page 3 of 5

- **Paragraph 39:**
    - The defense requests that the Court delete the phrase "to terrorists" for the same reasons set forth above.
        - *Government Response:* For the same reasons set forth above, the Government opposes this edit.

- **Paragraph 41:**
    - The defense requests that the Court edit the introductory sentence as follows:  In addition, ~~some of the evidence in this case will relate to Mr. Melzer's alleged activities with, and provision of national defense information to,~~ members of a white-supremacist, neo-Nazi~~, and pro-jihadist~~ group called the Order of Nine Angles or O9A.  The defense states that this phrasing risks suggesting that the Court endorses the Government's view of the evidence. The defense asks that the Court replace this language with the following: "the government alleges that Mr. Melzer associated with and provided national defense information to."  The defense also objects to the phrase "pro-jihadist" on the grounds that they do not agree with this descriptor of O9A and do not concede that it applies, and state that it should be removed at this stage of the proceedings for that reason.
        - *Government Response:*  The Government objects to the defense's proposed use of the phrase "associated with" to replace "Mr. Melzer's alleged activities," as the charges allege a conspiracy and not mere association with any person or group.  As to the defense's second objection, and as set forth in the Government's motions *in limine*, the Government expects that the evidence will show that O9A bears pro-jihadist elements, and that the defendant himself invoked jihadist language and themes in the course of the charged offenses.  Given that pro-jihadist themes will be presented during trial (indeed, the Court has already considered the admissibility of certain such evidence), inclusion of the phrase "pro-jihadist" is both accurate and important to facilitate selecting a fair and impartial jury.  Nor does the Court's proposed phrasing appear to "endorse" the Government's view of the evidence.  For these reasons, the Government respectfully submits that the defendant's edits should be rejected.

- **Paragraphs 43-45:**
    - The defense seeks to replace the reference to "Mr. Melzer's" in each of these paragraphs with the phrase "certain individuals," on the grounds that it is not accurate that Melzer himself directly associated with or praised all of these figures.
        - *Government Response:*  The Government respectfully submits that the Court's language is appropriate, but has no objection to the defense's alternative proposal.

- **Paragraph 52:**
    - The defense seeks to delete the Court's instruction stating: "Let me advise you that the use of expert testimony is proper in the context of this case." The defense states that this sentence suggests that the Court is endorsing the expert's testimony as "proper," but that it is for the jury to decide what weight, if any, to afford expert testimony.
        - *Government Response:* The Government objects to the deletion of this language, which is standard and both accurately and appropriately instructs the prospective jurors. It is appropriate and necessary to provide this basic instruction in order to adequately assess whether jurors have strong feelings or opinions regarding the use of experts that may impair their ability to render a fair and impartial verdict, even in the face of the Court's instruction that any testimony would be properly received. The Court's instruction will also reduce the risk of irrelevant speculation by the prospective jurors about the nature of this evidence that could lead to unnecessary delays and inefficiencies during selection.

- **Paragraph 53:**
    - The defense seeks to delete the Court's instruction stating: "I instruct you that none of those techniques violated Mr. Melzer's rights. It is proper for that evidence to be introduced at trial for your consideration." The defense states that this language wrongfully suggests that the Court is telling the jury to credit the evidence in question, citing *United States v. Santiago*, 2 F. App'x 129, 131 (2d Cir. 2001) (Court "not untroubled" by similar instruction where defendant had never challenged the evidence's admissibility).
        - *Government Response:* The Government objects to the deletion of this language in the course of voir dire. The defendant's concern relates to the propriety of certain jury instructions, which may or may not apply, depending on the issues and arguments raised at trial. It is appropriate and necessary, during voir dire, to assess whether jurors have strong feelings or opinions regarding law enforcement techniques, including searches and interviews, that may impair their ability to render a fair and impartial verdict, even in the face of the Court's instruction that the techniques were lawful. *Santiago* is not to the contrary. The Court's instruction will also reduce the risk of irrelevant speculation by the prospective jurors about the nature of this evidence that could lead to unnecessary delays and inefficiencies during selection.

- **Paragraph 54:**
    - The defense seeks to delete the entirety of Paragraph 54, regarding "Persons Not on Trial." The defense asserts that this question is improper at this stage. The defense further asserts that Melzer will argue at trial that there was no actual conspiracy and that the fact that no one else has been charged or prosecuted supports that argument.
        - *Government Response*: The Government objects to the deletion of Paragraph 54, which accurately states the law, and properly inquires regarding the prospective juror's ability to fairly and impartially apply the law. The Court's instruction is wholly consistent with controlling law, and jury instructions routinely given by both this Court and throughout the District. *See, e.g.*, *United States v. Reichberg, et al.*, 16 Cr. 468 (GHW) Charge of Hon. Gregory H. Woods, Dec. 20, 2018 Tr. 6709-10 (attached hereto as Exhibit B). Moreover, the Government respectfully submits that the defendant's proposed line of argument with respect to the absence of charges against persons not on trial is impermissible and should be precluded.

- **Paragraph 63:**
    - The defense requests to replace the Court's language at Paragraph 63 with the following rephrasing: "Will you be unable to follow my instruction that your verdict must be based on the evidence and not on sympathy, prejudice, or bias?"
        - *Government Response:* The Government respectfully submits that the Court's language is appropriate and preferable, because it correctly focuses on the prospective juror's ability to deliberate on the question of the defendant's guilt beyond a reasonable doubt. However, the Government does not object to the defense's proposed question.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Samuel Adelsberg / Matthew Hellman
    / Kimberly J. Ravener
Assistant United States Attorneys
Tel: (212) 637-2494/2278/2358

cc: Defense Counsel