**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

June 13, 2022

By ECF

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

**Re:** *United States v. Ethan Phelan Melzer*, S1 20 Cr. 314 (GHW)

Dear Judge Woods:

We respectfully submit this letter in opposition to the government's motion for an order requiring the defense to produce its exhibits and an exhibit list two weeks before trial. *See* Gov't Mot. 30–33 (ECF No. 122). The Court should deny the government's request and should instead impose the schedule discussed below.

To begin, there is no statute or rule requiring a defendant to produce an exhibit list in advance of trial. *See, e.g.*, *United States v. Vilar*, 530 F. Supp. 2d 616, 639 (S.D.N.Y. 2008) ("[N]o statute or rule specifically mandates disclosure of an exhibit list . . . .").[1] In our experience, many courts in this District do not require the defense to produce exhibit lists at all. While doing so might help facilitate an efficient trial, defense exhibits are necessarily subject to change as the government's case unfolds. For this reason, the preclusion at trial of defense exhibits that in good faith were not included on a compelled pretrial list would raise serious due process concerns.

Here, the government's request that the Court order defense exhibits two full weeks before trial is untenable given the volume of material at issue and given that the government still has not disclosed all of its exhibits or identified its trial witnesses. Indeed, as of the writing of this letter, the government still has not disclosed which portions of Melzer's post-arrest interviews it will seek to introduce at trial, despite having been ordered to do so 30 days before trial. Nor has the government identified which of the many individuals for whom it has produced 3500 material it actually intends to call as witnesses at trial. Instead, the government has provided 3500 material

---

[1] Contrary to the government's claim, Gov't Mot. 31, Rule 16(b) concerns a defendant's discovery obligations, but imposes no duty to disclose an exhibit list.

Hon. Gregory H. Woods                                                                June 13, 2022
United States District Judge                                          Page 2 of 2

Re:  United States v. Ethan Melzer
     S1 20 Cr. 314 (GHW)

primarily from investigatory interviews with a wide array of individuals, but almost no 3500 material from trial preparation meetings, for example. The defense is therefore not fully "aware of the parameters of the Government's case and thus in a position to identify its own proposed exhibits." Gov't Mot. 32.

In light of these concerns, we ask that the Court follow the more reasonable procedure recently endorsed by Judge Furman in *United States v. Avenatti*, 19 Cr. 374 (JMF), ECF No. 160 (attached). There, Judge Furman ordered the defense to provide (1) a list of exhibits it reasonably expected to introduce during the government's case-in-chief six days before trial; (2) Rule 26.2 material "at least five business days prior to the anticipated start of a defense case"; and (3) a list of exhibits it reasonably expected to introduce during its case "at least three business days prior to the anticipated start of a defense case." *Id.* Importantly, Judge Furman also noted that all exhibit lists would "be subject to good-faith revision as the defense continues to prepare for its case." *Id.* We ask that the Court impose a similar schedule, with similar qualifications, here.

Respectfully submitted,

/s/ _____
Jonathan Marvinny
Hannah McCrea
Ariel Werner
Assistant Federal Defenders
212.417.8792
jonathan_marvinny@fd.org

cc:   Government counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                   :
UNITED STATES OF AMERICA           :
                                                   :                          19 Cr. 374 (JMF)
     - v -                                               :
                                                   :                           AMENDED
MICHAEL AVENATTI,                      :                      SCHEDULING ORDER
                                                   :
                               Defendant.      :
                                                   :
-------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

      The Court's trial calendar has changed since the Scheduling Order of November 2, 2021. *See* ECF No. 156. As a result, **the trial date in this matter is hereby advanced by two weeks**, as are all of the corresponding pretrial deadlines (give or take a day or two due to Court holidays and the like). Specifically, the new trial date and pretrial deadlines are as follows.

1. **Trial Date**

      Unless and until the Court orders otherwise, trial in this case shall begin (in a courtroom to be determined when trial gets closer) on **Monday, January 24, 2022**, at **9:30 a.m.** As counsel know, that date is contingent on the Court being allocated that date through the centralized trial scheduling process now in effect. For avoidance of doubt, however, the parties should treat January 24, 2022, as a firm trial date.

2. **Final Pretrial Conference**

      Unless and until the Court orders otherwise, the parties shall appear for a final pretrial conference on **Tuesday, January 18, 2022**, at **3:00 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007. **The final pretrial conference must be attended by the attorney(s) who will serve as principal trial counsel.**

3. **Jury Questionnaire**

      No later than **Thursday, December 9, 2021**, the parties shall submit (on ECF and, simultaneously, by-email to Furman_NYSDChambers@nysd.uscourts.gov in Microsoft Word format) a revised proposed jury questionnaire. To the extent that the parties disagree, they should file and submit their respective proposals along with a redline identifying the areas of disagreement.

4. **Jury Selection**

Unless and until the Court orders otherwise, the Court will follow these procedures in connection with selecting a jury:

- A pool of 100-150 prospective jurors will complete the questionnaire on the morning of **Thursday, January 13, 2022**, under the supervision of the Jury Department.

- The Government will be responsible for (a) making copies of the final version of the questionnaire adopted by the Court for the Jury Department and (b) making copies of the completed questionnaires immediately available in electronic format to the defense and the Court. The Government shall make arrangements directly with the Jury Department to obtain the completed questionnaires.

- No later than **Monday, January 17, 2022**, at **3:00 p.m.** (notwithstanding the fact that it is a Court holiday), the Government shall file a letter with a list of jurors (identified by juror number, not name) that **both** sides agree should be excused for cause. Prospective jurors on the parties' joint strike list will be excused without any review or inquiry by the Court.

- No later than the same date and time (**Monday, January 17, 2022**, at **3:00 p.m.**), the parties shall also file lists of jurors (identified by juror number, not name) that only one side believes should be excused for cause, along with a short explanation of why the party believes each juror should be excused. The Court will review the parties' lists and decide whether to exclude any jurors on that basis.

- The Court will then conduct oral *voir dire* of the remaining prospective jurors beginning at **9:30 a.m.** on **Wednesday, January 19, 2022** (continuing, if necessary, on January 20 and 21, 2022).

5. **Pretrial Submissions**

Any proposed *voir dire*, proposed jury instructions, and proposed verdict forms, as well as any motions *in limine* or trial memoranda, shall be filed by **Thursday, December 9, 2021**. Any opposition to a motion *in limine* or trial memorandum shall be filed by **Thursday, December 23, 2022**. At the time of filing, the proposed *voir dire*, proposed jury instructions, and proposed verdict forms must be e-mailed, in Microsoft Word format, to Furman_NYSDChambers@nysd.uscourts.gov.

6. **Pretrial Disclosures**

The parties previously agreed to a schedule with respect to the exchange of certain material and information prior to and during trial, which the Court adopts — modified to reflect the short adjournment of trial) at the request of the parties, to wit:

2

| | |
|---|---|
| **Wednesday, January 12, 2022:** | The Government provides to the Defendant material covered by 18 U.S.C. § 3500 and *Giglio v. United States*, 405 U.S. 150 (1972). The Government also provides to the Defendant a list of witnesses whom the Government reasonably expects to call in its case-in-chief. |
| **Thursday, January 13, 2022**: | The Government provides to the Defendant a list of exhibits that the Government reasonably expects to seek to introduce during its case-in-chief. This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defense's list of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief. |
| **Tuesday, January 18, 2022**: | The Defendant provides to the Government a list of exhibits that the Defendant reasonably expects to introduce during the Government's case-in-chief. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |
| **At least five business days prior to the anticipated start of a defense case**: | The Defendant provides to the Government material covered by Rule 26.2 of the Federal Rules of Criminal Procedure. |
| **At least three business days prior to the anticipated start of a defense case**: | The Defendant provides the Government with a list of exhibits that he reasonably expects to seek to introduce during his case. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |

Recognizing that 3500 and Rule 26.2 obligations are continuing, the parties have agreed that when new material is generated after the pertinent deadline described above, such material will be timely provided, *i.e.*, generally the same day it is generated, and prior to the witness to whom it applies next taking the stand. The defense has also agreed that, consistent with Rule 26.2(c), if the defense intends to withhold any such material on the ground of privilege or work-product, it will provide that material to the Court for timely review.

3

In addition to the schedule above, the parties have also conferred and reached agreement regarding the following procedures in order to narrow or moot disputes, which the Court adopts at the request of the parties: (1) attempting in good faith to share any proposed summary chart at least one week before it will be sought to be introduced, notwithstanding the foregoing, to permit the opposing party to review the accuracy of the chart; (2) sharing any visuals or slides to be used in opening statements, at least one business day before such statements; and (3) alerting the opposing party to (a) the next day's witnesses, in anticipated order, and (b) the exhibits expected to be sought to be introduced through those witnesses, by at least 5:00 p.m. on the day before calling such witnesses, and the party to whom such disclosure is made will provide any objections to such exhibits as quickly as possible that evening, so that the parties may confer and then be prepared, if necessary, to raise any objections with the Court in the morning, prior to the beginning of the trial day during which the exhibits are expected to be sought to be introduced.

The parties have also agreed that they anticipate timely agreeing to stipulations to avoid the need to call custodians of records or otherwise to authenticate evidence or the accuracy of transcripts, and the parties agree that the dates set forth herein do not alter the parties' reciprocal discovery obligations or the obligation to produce materials obtained pursuant to Federal Rule of Criminal Procedure 17(c), absent an order to the contrary.

7. **Familiarity with the Court's Individual Rules and Practices**

The parties must familiarize themselves with the Court's Individual Rules and Practices in Criminal Cases and Individual Rules and Practices for Hearings and Trials, both of which are available at https://nysd.uscourts.gov/hon-jesse-m-furman. Among other things, it is the parties' obligation to ensure that whatever technological needs they have — for the use of computers or other devices, presentation of evidence, or otherwise — are addressed in advance of trial. The parties shall contact Chambers and/or the District Executive's Office sufficiently in advance of the trial date to raise any questions, address any technological needs, and arrange for testing of any technology.

SO ORDERED.

Dated: November 10, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge

4