**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

June 21, 2022

By ECF

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

**Re:** *United States v. Ethan Phelan Melzer*, S1 20 Cr. 314 (GHW)

Dear Judge Woods:

    We write respectfully with objections to multiple newly proposed government exhibits—images and documents found in Melzer's possession—that were produced after the Court ruled on the government's February 1, 2022 motions *in limine*. *See* ECF No. 90. We incorporate here our discussion of the relevant legal concepts—including relevance, hearsay, and Fed. R. Evid. 403—contained in our opposition to that motion. *See* ECF No. 93.

    The Court should preclude the following new exhibits[1]:

<u>Images: GX 1, 515, 519, 522–23, 526, 529, 531, 533</u>

- GX 1, 515, 522–23: These photographs of Melzer in military garb should be precluded. They are irrelevant as identity is not an issue at trial—no part of Melzer's defense involves a claim that someone else committed the crimes with which he is charged, and he will not deny that he was in the military. Yet they are highly prejudicial. The only purpose these exhibits serve is to make Melzer look menacing and therefore communicate to the jury that he has a propensity for violence, and that he acted in conformance with that propensity by conspiring and attempting to murder his army unit. But character evidence of that sort is improper. *See* Fed. R. Evid. 404(a)(1); *cf.*,

---

[1] We will deliver a copy of these exhibits on a disk to the Court.

Hon. Gregory H. Woods  　　　　　　　　　　　　　　　　June 21, 2022
United States District Judge  　　　　　　　　　　　　　　Page 2 of 5

Re:　United States v. Ethan Melzer
　　　S1 20 Cr. 314 (GHW)

> *e.g.*, *United States v. Farmer*, 583 F.3d 131, 146 (2d Cir. 2009) (finding clear error under Rule 404(a)(1) where district court permitted prosecution to use Farmer's nickname at trial where identity was not in dispute and where nickname was "strongly suggestive of a criminal disposition and a propensity to commit particularly heinous crimes, including the very offenses charged in the indictment") (internal quotation marks omitted).

- GX 519: This photograph of an individual's hand (whose skin tone shows it is obviously not Melzer) holding a list of soldiers that appear to be enrolled in an "Army Drug Testing Program" is irrelevant to any charge against Melzer.

- GX 526: This photograph of what appears to be an AR-15 semiautomatic rifle on a shelf, devoid of any additional context, is irrelevant, unduly prejudicial, and cumulative of other photographs containing rifles that the Court has previously ruled admissible.

- GX 529: This photograph of an individual's hand holding a knife is irrelevant, unduly prejudicial, and cumulative of other photographs containing knives that the Court has ruled admissible. Unlike those other knife photographs, this one does not clearly depict Melzer and so lacks relevance for that reason.

- GX 531: This photograph of an individual—whom the defense understands is *not* Melzer—wearing a mask and holding a rifle is irrelevant, unduly prejudicial, and cumulative of other photographs containing rifles that the Court has ruled admissible.

- GX 533: This photograph of a masked person, allegedly Melzer, holding a gun next to a dog is irrelevant and unduly prejudicial. The metadata associated with the photograph (as shown in GX 533-M) indicates that it was taken, at the latest, in December 2018, well over a year before the central conduct at issue in Melzer's case, and before he even knew about O9A. Moreover, the individual in the photograph is wearing a black ski mask that appears to have been purchased in 2017, as per GX 1005 (March 4, 2017 receipt for "Black Full Face Ski Mask"). This photograph accordingly has no relevance to the charges against Melzer and instead serves only to communicate to the jury that he has a propensity for violence, including violence against animals, and so is

2

Hon. Gregory H. Woods  June 21, 2022
United States District Judge  Page 3 of 5

Re:  United States v. Ethan Melzer
     S1 20 Cr. 314 (GHW)

impermissible character evidence. *See* Fed. R. Evid. 404(a)(1); *United States v. Sangiovanni*, 2013 WL 1655918, at *18 (D.N.M. Mar. 20, 2013) ("The United States may not introduce the photographs allegedly of Sangiovanni holding a firearm with the suggestion that the jury conclude that Sangiovanni has a character trait of possessing guns and thus acted in accordance with the trait.") (citing Fed. R. Evid. 404(a)(1)) (cleaned up), *aff'd*, 660 F. App'x 651 (10th Cir. 2016). It should also be precluded as unduly prejudicial under Rule 403, as the individual is pointing the gun toward the camera, which is especially threatening. *Cf.* Tr. 5/4/22 at 67–68 (this Court admitting photograph of individual holding a rifle where "[t]he nozzle of the rifle is pointing up and not toward the camera" and is therefore "not particularly threatening").

Documents: GX 914–18

These documents appear to have been sent to Melzer by CC-1 via Telegram in May 2020, though there is no evidence that Melzer actually read them. GX 914 is a 19-page academic article titled "The Psychology of Espionage." GX 915 is a 70-page document titled "CIA: Explosives for Sabotage Manual." GX 916 is a 54-page document concerning the CIA's interrogation tactics for terrorism suspects. GX 917 is a 177-page U.S. Army document titled "Intelligence Interrogation." GX 918 is a 135-page CIA document titled "Human Resource Exploitation Training Manual." The Court should preclude each of them.

These documents are irrelevant. They are not comparable to the "O9A materials" found in Melzer's possession, including O9A-related PDFs and books, that the Court admitted on the government's motion *in limine*. Melzer is accused of being a member of O9A and is charged with attempting to orchestrate an attack to further its violent ideology. He accordingly conceded in his opposition papers that some of the O9A materials were "admissible to help establish [his] state of mind, including his knowledge of O9A and its ideology." ECF No. 93 at 7. The Court then admitted the O9A materials after concluding they were "highly probative of [his] alleged membership in O9A, as well as his motive for allegedly planning an attack on a U.S. military base." Tr. 5/4/22 at 70.

Hon. Gregory H. Woods  June 21, 2022
United States District Judge  Page 4 of 5

Re: United States v. Ethan Melzer
    S1 20 Cr. 314 (GHW)

The government's newest documents are unlike those O9A materials—they do not concern, or even mention, O9A. They are thus irrelevant to the charges or to Melzer's supposed motive. Even if marginally relevant, they should be precluded under Rule 403 because they carry a risk of prejudice that substantially outweighs whatever minimal probative value they possess.

In particular, GX 914 ("The Psychology of Espionage") is deeply prejudicial. Melzer, of course, is charged with violating the Espionage Act by illegally transmitting and delivering national defense information in violation of 18 U.S.C. §§ 793 and 794. The prejudice to Melzer from the jury's receiving an article purporting to describe "the psychology of espionage" is obvious. The article links espionage to the personality traits of psychopathy and narcissism, among others, and contains statements like: "People who commit espionage sustain double lives."; and, "[A]ny consideration of motivation in espionage must closely examine personality pathology." The article also includes multiple case studies of prior instances of espionage, including cases involving members of the U.S. military.

It would be inappropriate to place this highly prejudicial content—which is also chock full of hearsay—before the jury, notwithstanding whatever limiting instruction the Court might give about how the jury might consider it. Indeed, even if instructed not to consider the statements in the article for their truth, the jury simply will not be able to look past an academic article purporting to elucidate the psychology of people charged with the very same crimes as Melzer. *See United States v. Curley*, 639 F.3d 50, 60 (2d Cir. 2011) (Circuit reversed upon erroneous admission of evidence of defendant's uncharged weapon possession despite district court's limiting instructions: "The limiting instructions did not suffice to protect the defendant from the risk of unfair prejudice. The presumption that juries follow limiting instructions 'is dropped where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense.'" (quoting *United States v. Williams*, 585 F.3d 703, 709 (2d Cir. 2009))). At most, the Court should admit the title of the article only, as the title suffices to communicate to the jury the article's subject matter without placing

Hon. Gregory H. Woods  June 21, 2022
United States District Judge  Page 5 of 5

Re: United States v. Ethan Melzer
    S1 20 Cr. 314 (GHW)

before the jury its highly prejudicial contents, and as there is no indication that Melzer ever read more of the article than its title.[2]

—

For the reasons discussed, the Court should preclude the challenged exhibits.

New York, New York
June 21, 2022

Respectfully submitted,

/s/ _____
Jonathan Marvinny
Hannah McCrea
Ariel Werner
Assistant Federal Defenders
212.417.8700
jonathan_marvinny@fd.org

cc: Government counsel

---

[2] The metadata associated with the article shows that it was "accessed" on Melzer's iPhone on June 3, 2020. *See* GX 914-M. This was after Melzer's May 30, 2020 detention in Italy and the seizure of his electronic devices, meaning that someone from law enforcement, not Melzer, accessed the article on that date.