M6O6MELP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                   20 CR 314(GHW)
                             Plea
ETHAN PHELAN MELZER,

          Defendant.

------------------------------x

                           New York, N.Y.
                           June 24, 2022
                           12:00 p.m.
Before:

                HON. GREGORY H. WOODS,

                           District Judge

                   APPEARANCES

DAMIAN WILLIAMS,
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW HELLMAN
     SAMUEL S. ADELSBERG
     Assistant United States Attorneys

DAVID PATTON
FEDERAL DEFENDERS OF NEW YORK, INC.
     Attorney for Defendant
BY:  JONATHAN ANDREW MARVINNY
     ARIEL C. WERNER

Also Present:  Daniel Sitko, USAO – Paralegal Specialist

M6O6MELP

1          THE COURT:  The Court calls the United States v.

2     Melzer.

3          Can I ask each of you to state your appearances for

4     the record?

5          MR. HELLMAN:  Good afternoon.  Matthew Hellman and

6     Sam Adelsberg for the government, joined by paralegal

7     specialist, Daniel Sitko.

8          MR. MARVINNY:  Good afternoon.  Federal Defenders of

9     New York, Jonathan Marvinny and Ariel Werner for Ethan Melzer.

10          THE COURT:  Thank you for being here and being here

11     timely.

12          So we're here for a change of plea hearing.

13     Mr. Melzer, I have been informed you wish to plead guilty to

14     Counts Four, Five, and Seven of the superceding indictment,

15     which is numbered S-1:20-CR-314; is that correct?

16          THE DEFENDANT:  Yes, Judge.

17          THE COURT:  Thank you.

18          Mr. Melzer, before I accept your plea, I'm going to

19     ask you a number of questions so I can establish to my

20     satisfaction that you wish to plead guilty because you are

21     guilty and not for some other reason, and also to ensure that

22     you know the rights that you will be giving up if you choose to

23     proceed and enter a guilty plea here.

24          If you don't understand any of my questions or if

25     you'd like to confer with your counsel at any point for any

1  reason, Mr. Melzer, please don't hesitate to let me know.  I'd

2  be happy to give you as much time as you'd like to confer with

3  your counsel, and I'd be happy to clarify any of my questions

4  if it would be helpful for you.

5          THE DEFENDANT:  Thank you, Judge.

6          THE COURT:  My pleasure.

7          Because I'm going to be asking you a number of

8  questions, I'd ask you to please stand to take an oath to

9  answer my questions truthfully.

10         Thank you.

11         Mr. Melzer, do you swear the testimony that you shall

12  give this Court in this issue shall be the truth, the whole

13  truth, and nothing but the truth so help you God?

14         THE DEFENDANT:  Yes, Judge.

15         THE COURT:  Thank you very much.  You can be seated.

16         Mr. Melzer, you're now under oath, which means that if

17  you answer any of my questions falsely, you may be persecuted

18  for the separate crime of perjury or making false statements.

19  The government would have the right to use any statements that

20  you give under oath against you in such a prosecution.  Do you

21  understand that?

22         THE DEFENDANT:  Yes, Judge.

23         THE COURT:  Okay.  Thank you.

24         So, first, Mr. Melzer, can you please tell me your

25  full name?

1          THE DEFENDANT:  Ethan Phelan Melzer.

2          THE COURT:  Thank you.

3          How old are you?

4          THE DEFENDANT:  24 years old.

5          THE COURT:  Where are you born?

6          THE DEFENDANT:  Louisville, Kentucky.

7          THE COURT:  How far did you go in school?

8          THE DEFENDANT:  I got to 10th grade and then dropped

9   out and went to Job Corps and got my high school diploma.

10          THE COURT:  Can you describe for me your employment

11   experience?

12          THE DEFENDANT:  Mostly just jobs in restaurants and

13   then the military.

14          THE COURT:  Thank you.

15          Have you ever been treated or hospitalized for any

16   mental illness?

17          THE DEFENDANT:  No, Judge.

18          THE COURT:  Are you currently, or have you recently

19   been, under the care of a physician, psychiatrist, or

20   psychologist?

21          THE DEFENDANT:  No, Judge.

22          THE COURT:  Are you currently, or have you recently

23   been, hospitalized or treated for drug addiction?

24          THE DEFENDANT:  No, Judge.

25          THE COURT:  Within the past 24 hours, Mr. Melzer, have

1    you used or taken any alcohol, drugs, or medication?

2              THE DEFENDANT:  No, Judge.

3              THE COURT:  Is your mind clear today?

4              THE DEFENDANT:  Yes, Judge.

5              THE COURT:  Do you understand what's happening in this

6    proceeding?

7              THE DEFENDANT:  Yes, Judge.

8              THE COURT:  Thank you.

9              Have you received a copy of the indictment that's

10   pending against you?

11             THE DEFENDANT:  Yes, Judge.

12             THE COURT:  Thank you.

13             Have you had enough of a chance, Mr. Melzer, to

14   discuss with your lawyer the case in general, and in

15   particular, the charges to which you intend to plead guilty and

16   any possible defenses to those charges?

17             THE DEFENDANT:  Yes, Judge.

18             THE COURT:  Has your lawyer explained to you the

19   consequences of entering a plea of guilty?

20             THE DEFENDANT:  Yes, Judge.

21             THE COURT:  And are you fully satisfied with your

22   lawyer's representation of you?

23             THE DEFENDANT:  Yes, Judge.

24             THE COURT:  Thank you.

25             Counsel for defendant, let me turn to you.  Have you

M6O6MELP

1    discussed this matter with your client?

2              MR. MARVINNY:  Yes, your Honor.

3              THE COURT:  Is he capable of understanding the nature

4    of these proceedings?

5              MR. MARVINNY:  He is.

6              THE COURT:  Thank you.

7              Counsel, do either of you or any of you, have any

8    doubt as to the defendant's competency to plead at this time?

9              MR. HELLMAN:  No, your Honor.

10             MR. MARVINNY:  No, your Honor.

11             THE COURT:  Thank you.

12             On the basis of Mr. Melzer's responses to my

13   questions, my observations of his demeanor here in court, and

14   the representations of counsel, I find that the defendant is

15   competent to enter a plea of guilty at this time.

16             Now, Mr. Melzer, before we turn to your plea, I'm

17   going to explain a number of Constitutional rights that you

18   have.  I'm doing this because these are rights that you will be

19   giving up if you choose to proceed and enter a guilty plea in

20   this matter.  Again, if I say anything that you don't

21   understand or would like clarification about, please don't

22   hesitate to stop me.  Either I or your lawyer will explain the

23   matter more fully.

24             So, first, Mr. Melzer, you have the right to plead not

25   guilty to the charges in the indictment.  Do you understand

1    that?

2                    THE DEFENDANT:  Yes, Judge.

3                    THE COURT:  If you did plead not guilty, you'd be

4    entitled to a speedy and public trial by a jury on the charges

5    against you contained in the indictment.  Do you understand

6    that?

7                    THE DEFENDANT:  Yes, Judge.

8                    THE COURT:  At a trial, you would be presumed to be

9    innocent, and the government would be required to prove you

10   guilty by competent evidence beyond a reasonable doubt before

11   you could be found guilty.  Do you understand that?

12                   THE DEFENDANT:  Yes, Judge.

13                   THE COURT:  A jury of 12 people would have to agree

14   unanimously that you were guilty, and you would not have to

15   prove that you were innocent if you were to go to trial.  Do

16   you understand that?

17                   THE DEFENDANT:  Yes, Judge.

18                   THE COURT:  At trial, and at every stage of your case,

19   you would be entitled to be represented by a lawyer.  If you

20   could not afford a lawyer, one would be appointed for you at

21   public expense — that is free of cost.  Do you understand that?

22                   THE DEFENDANT:  Yes, Judge.

23                   THE COURT:  During a trial, the witnesses for the

24   government would have to come to court and testify in your

25   presence, and your lawyer could cross-examine the government's

1  witnesses and object to evidence that's offered by the

2  government.  Do you understand that?

3           THE DEFENDANT:  Yes, Judge.

4           THE COURT:  At a trial, you would also have an

5  opportunity to offer evidence on your own behalf, if you wished

6  to do so, and you would have the right to compel witnesses to

7  come to court to testify in your defense.  Do you understand

8  that?

9           THE DEFENDANT:  Yes, Judge.

10          THE COURT:  At a trial, Mr. Melzer, you would have the

11 right to testify, if you chose to do so, but you would also

12 have the right not to testify.  And if you decided not to

13 testify, no one, including the jury, could draw any inference

14 or suggestion of guilt from the fact that you did not testify.

15 Do you understand that?

16          THE DEFENDANT:  Yes, Judge.

17          THE COURT:  Do you understand, Mr. Melzer, that by

18 pleading guilty, you're giving up your right to seek

19 suppression; that is exclusion from a trial of any evidence

20 against you that the government may have obtained improperly?

21          THE DEFENDANT:  Yes, Judge.

22          THE COURT:  If you're convicted at a trial,

23 Mr. Melzer, you would have the right to appeal that verdict.

24 Do you understand that?

25          THE DEFENDANT:  Yes, Judge.

1    THE COURT:  And even now, as you're preparing to enter

2    this plea, you have the right to change your mind and to plead

3    not guilty and to go to trial on the charges against you

4    contained in the indictment.  Do you understand that?

5    THE DEFENDANT:  Yes, Judge.

6    THE COURT:  If you plead guilty, Mr. Melzer, you also

7    give up your right not to incriminate yourself.  I say that

8    because I expect that later in today's proceeding, I'll ask you

9    questions about what you did in order to satisfy myself that

10   you are guilty of the charged offenses to which you are

11   pleading guilty and you will have to admit and acknowledge your

12   guilt.  Do you understand that?

13   THE DEFENDANT:  Yes, Judge.

14   THE COURT:  Thank you.

15   Now, Mr. Melzer, if you plea guilty, and if I accept

16   your plea, you'll give up your right to a trial and all of the

17   other rights that we have just talked about, other than your

18   right to a lawyer, which you have regardless of whether or not

19   you plead guilty.  But there will be no trial, and I will enter

20   a judgment of guilty in a sentence on the basis of your plea.

21   There will be no appeal with respect to whether the government

22   could use the evidence that it has against you or with respect

23   to whether you did or did not commit this set of crimes.  Do

24   you understand that?

25   THE DEFENDANT:  Yes, Judge.

M6O6MELP

1          THE COURT:  Thank you.

2          So, Mr. Melzer, we just talked about a number of

3  important rights that you have.  Do you understand each and

4  every one of those rights?

5          THE DEFENDANT:  Yes, Judge.

6          THE COURT:  And are you willing to give up your right

7  to a trial and the other rights that I just discussed with you?

8          THE DEFENDANT:  Yes, Judge.

9          THE COURT:  Thank you.

10          Now, Mr. Melzer, I know that you've received a copy of

11  the indictment containing the charges against you.  Can I ask,

12  have you read it?

13          THE DEFENDANT:  Yes, I have.

14          THE COURT:  Thank you.

15          Do you understand that Count Four of the indictment

16  charges that from at least in or about 2019 up to and including

17  in or about May 2020, you willingly and knowingly attempted to

18  and aided and abetted the attempt to murder U.S. service

19  members in violation of Title 18, United States Code, Sections

20  1114, 3238, and 2?  Do you understand that's the nature of the

21  charge against you in County Four?

22          THE DEFENDANT:  Yes, Judge.

23          THE COURT:  Counsel for the United States, can I ask

24  you to please state the elements of that offense?

25          MR. HELLMAN:  Yes, your Honor.

M6O6MELP

1          First, that the defendant intended to murder any

2     officer or employee or any person assisting such officer or

3     employee of the United States or of any agency in any branch of

4     the United States government.

5          Second, that the defendant intended that such murder

6     be committed while such officers or employees were engaged in

7     the performance of their official duties or on account of the

8     performance of such duties or on account of the assistance

9     provided by persons assisting them in such duties.

10          And third, that the defendant did some act that was a

11     substantial step in an effort to bring about or accomplish that

12     crime.

13          THE COURT:  Thank you.

14          Mr. Melzer, do you understand that Count Five charges

15     that from at least in or about 2019 up to and including in or

16     about May 2020, you knowingly and intentionally did provide and

17     attempt to provide material support and resources to terrorists

18     in violation of Title 18, United States Code, Sections

19     2339A(a), 3238, and 2.?  Do you understand that's the nature of

20     the charge against you in Count Five?

21          THE DEFENDANT:  Yes, I do, Judge.

22          THE COURT:  Counsel for the United States, can I ask

23     you to please state the elements of that offense?

24          MR. HELLMAN:  Yes, your Honor.

25          First that the defendant knowingly provided or

1    attempted to provide material support or resources.

2          And, second, that the defendant knew or intended that

3    the provision or attempted provision of such material support

4    or resources would be used in preparation for or in carrying

5    out another crime; specifically, here, murdering U.S. military

6    service members.

7          THE COURT:  Thank you.

8          Mr. Melzer, do you understand that Count Seven charges

9    that between in or about April 2020 and May 2020, you illegally

10   transmitted national defense information to an unauthorized

11   person with reason to believe that such information could be

12   used to the injury of the United States in violation of

13   Title 18, United States Code, Section 793(d) and 2?  Do you

14   understand that's the nature of the charge against you?

15         THE DEFENDANT:  Yes, Judge.

16         THE COURT:  Thank you.

17         Counsel for the United States, can I ask you to please

18   state the elements of that offense?

19         MR. HELLMAN:  Yes.

20         First, that the defendant had lawful possession of

21   access to, control over, or was entrusted with information.

22         Second, that the information in question was related

23   to the national defense.

24         Third, that the defendant had reason to believe that

25   the information could be used to the injury of the

1   United States or to the advantage of any foreign nation.

2           And, fourth, that the defendant willfully communicated

3   or delivered or transmitted or caused to be communicated,

4   delivered, or transmitted, or attempted to communicate,

5   deliver, transmit, and cause to be communicated, delivered, and

6   transmitted, the information to a person who was not entitled

7   to receive it.

8           THE COURT:  Thank you.

9           Mr. Melzer, do you understand that if you were to go

10  to trial for each of these counts, that the government would be

11  required to prove all of the substantive elements of each of

12  the offenses beyond a reasonable doubt?

13          THE DEFENDANT:  Yes, Judge.

14          THE COURT:  Thank you.

15          Do you understand that the government would be

16  required to prove that venue is appropriate in the

17  Southern District of New York, which includes

18  Westchester County, among other places, by a preponderance of

19  the evidence?

20          THE DEFENDANT:  Yes, Judge.

21          THE COURT:  Thank you.

22          Now, Mr. Melzer, I'm going to tell you the maximum

23  possible penalty for this crime.  The maximum means the most

24  that could possibly be imposed.  It does not mean that it's

25  what you'll necessarily receive.  But you have to understand

1   that by pleading guilty, you're exposing yourself to the

2   possibility of receiving any combination of punishments up to

3   the maximum that I'm about to describe.  Do you understand

4   that?

5           THE DEFENDANT:  Yes, Judge.

6           THE COURT:  Thank you.

7           So, first, I'm going to tell you about the possible

8   restrictions on your liberty.  The maximum term of imprisonment

9   for Count Four is 20 years, which could be followed up to a

10   lifetime term of supervised release.  The maximum term of

11   imprisonment for Count Five is 15 years, which could also be

12   followed up to a lifetime term of supervised release.  The

13   maximum term of imprisonment for Count Seven is ten years,

14   which could be followed by up to three years of supervised

15   release.

16           Mr. Melzer, if you are sentenced to a term of

17   supervised release, you will be subject to supervision by the

18   probation office.  There will be rules of supervised release

19   that you will have to follow, and if you violate those rules

20   you can be returned to prison without a jury trial to serve

21   additional time with no credit for any time you served in

22   prison as a result of your plea and no credit for any time

23   spent on post-release supervision.  You should also understand

24   that there is no parole in the federal system, and that if you

25   are sentenced to prison, you will not be released early on

M6O6MELP

1   parole.  Do you understand that?

2               THE DEFENDANT:  Yes, Judge.

3               THE COURT:  Thank you.

4               Second, in addition to these restrictions on your

5   liberty, the maximum possibly punishment also includes certain

6   financial penalties.  The maximum allowable fine for each of

7   Counts Four, Five, and Seven is $250,000, or twice the gross

8   monetary gain derived from the offense or twice the gross

9   monetary loss to persons other than yourself, whichever is

10  greater, again, for each of those three counts.

11              In addition, I can order restitution to any person or

12  entity injured as a result of your criminal conduct.  I can

13  also order you to forfeit all property derived from the offense

14  or used to facilitate the offense.  And, finally, I must also

15  order a mandatory special assessment of $100 for each of the

16  offenses to which you plead guilty.

17              Counsel, before I proceed, do any of you wish to

18  correct or amend any of the penalties that I just described?

19              MR. HELLMAN:  No, your Honor.

20              MR. MARVINNY:  No, your Honor.

21              THE COURT:  Thank you.

22              Mr. Melzer, do you understand that these are the

23  maximum possible penalties?

24              THE DEFENDANT:  Yes, Judge.

25              THE COURT:  Thank you.  Do you understand that it is

1   possible, taking all three counts together, that you could be

2   sent to prison for a total of 45 years of imprisonment?

3           THE DEFENDANT:  Yes, Judge.

4           THE COURT:  Thank you.

5           Mr. Melzer, do you understand that as a result of your

6   guilty plea, you may lose certain valuable civil rights, to the

7   extent you have them or might otherwise obtain them now, such

8   as the right to vote, the right to hold public office, the

9   right to serve on a jury, and the right to possess any kind of

10  firearm?

11          THE DEFENDANT:  Yes, Judge.

12          THE COURT:  Mr. Melzer, are you serving any other

13  sentence, either state or federal, at this time?

14          THE DEFENDANT:  No, Judge.

15          THE COURT:  To your knowledge, are you being

16  prosecuted in state court for any crime?

17          THE DEFENDANT:  No, Judge.

18          THE COURT:  Thank you.

19          Mr. Melzer, do you understand that if your lawyer or

20  anyone else has attempted to predict what your sentence will

21  be, that their prediction could be wrong?

22          THE DEFENDANT:  Yes, Judge.

23          THE COURT:  Do you understand that the sentence

24  ultimately imposed may be different from any estimate that your

25  attorney may have given you?

1          THE DEFENDANT:  Yes, Judge.

2          THE COURT:  Thank you.  That's good.  Because no one,

3    not your lawyer, not the government's lawyer, really no one,

4    can give you any assurance of what your sentence will be

5    because I'm going to decide your sentence, and I'm not going to

6    do that now.  Do you understand?

7          THE DEFENDANT:  Yes, Judge.

8          THE COURT:  Thank you.  Now, Mr. Melzer, before I

9    impose your sentence, I'll review a presentence report that

10   will be prepared by the probation department.  You and your

11   counsel and counsel for the United States will have the

12   opportunity to review that report and to challenge the facts

13   that are reported in it as well as the application of the

14   advisory sentencing guidelines that are recommended by the

15   probation officer.  I'm obliged to do my own independent

16   calculation of the advisory sentencing guidelines that applies

17   in your case.

18         After your initial advisory guidelines range has been

19   determined, I have the authority in certain circumstances to

20   depart upwards and downwards from that range.  Ultimately, I'll

21   determine what a reasonable sentence is for you based on a

22   number of sentencing factors, which you can find in the statute

23   at 18 United States Code, Section 3553(a).  That may result in

24   the imposition of a sentence that's either greater or lesser

25   than the advisory sentencing guidelines range constrained, of

1  course, by the statutory cap on the total duration of any

2  sentence.  Do you understand all of this?

3          THE DEFENDANT:  Yes, Judge.

4          THE COURT:  Thank you.

5          Have you and your attorney discussed how the advisory

6  sentencing guidelines might apply to your case?

7          THE DEFENDANT:  Yes, Judge.

8          THE COURT:  Thank you.

9          Now, Mr. Melzer, even if your sentence is different

10  from what your lawyer or anyone else has told you it might be,

11  even if it's different from what you expect or from what's

12  contained in a written agreement that you've entered into with

13  the government, you will still be bound by your guilty plea and

14  will not be allowed to withdraw your plea of guilty.  Do you

15  understand that?

16          THE DEFENDANT:  Yes, Judge.

17          THE COURT:  Thank you.

18          So, Mr. Melzer, we just talked about a number of

19  possible consequences of your plea.  Do you understand all of

20  the possible consequences of your plea that we just talked

21  about?

22          THE DEFENDANT:  Yes, Judge.

23          THE COURT:  Thank you.

24          Now, I understand that there is a written plea

25  agreement between you, Mr. Melzer, and your lawyer and the

M6O6MELP

1    lawyer for the government.  I have in front of me the original

2    letter plea agreement dated June 22, 2022, to your lawyers,

3    Mr. Marvinny and Ms. Werner, from Assistant United States

4    Attorneys Adelsberg, Hellman, and Ravener.  I'm going to mark

5    this as Court Exhibit 1.  I'm going to hand it forward to the

6    government to retain in its possession.

7              Before I do that, I'd like to ask you some questions

8    about this agreement, Mr. Melzer.

9              First, did you sign the original of the plea agreement

10   on the last page?

11             THE DEFENDANT:  Yes, Judge.

12             THE COURT:  Did you do that today in the presence of

13   your lawyer?

14             THE DEFENDANT:  Yes, Judge.

15             THE COURT:  Did you read the agreement before you

16   signed it?

17             THE DEFENDANT:  Yes, Judge.

18             THE COURT:  Did you discuss it with your lawyer before

19   you signed it?

20             THE DEFENDANT:  Yes, I did.

21             THE COURT:  Did you fully understand it before you

22   signed it?

23             THE DEFENDANT:  Yes, Judge.

24             THE COURT:  Thank you.

25             Now, one of the features of your agreement with the

1   government is that you've agreed on the guidelines range, or

2   the guideline sentence that applies in this case.  You should

3   know that agreement is binding on you and it's binding on the

4   government, but it's not binding on me.  I say that because I

5   have my own obligation to determine what the correct guidelines

6   range and what the appropriate sentence is in your case.

7          Now, I'm not saying that I'm going to come up with

8   anything that's different from what's in your agreement with

9   respect to the sentencing guidelines calculation.  At this

10  point, I just don't know.  But it's important for you to

11  understand that if I do come up with a range that's different

12  from the one that you've agreed to with the government, I will

13  not let you withdraw your plea, even if the range that I

14  determine is higher than the one that you've agreed to with the

15  United States, understanding in all circumstances that the

16  total sentence cannot exceed the statutory maximum.  Do you

17  understand that?

18          THE DEFENDANT:  Yes, Judge.

19          THE COURT:  Thank you.

20          Do you understand, Mr. Melzer, that under some

21  circumstances, you or the government may have the right to

22  appeal any sentence that I impose.

23          THE DEFENDANT:  Yes, Judge.

24          THE COURT:  Thank you.

25          Now, Mr. Melzer, in your plea agreement, you have

1    waived a number of rights to appeal your conviction and

2    sentence.  You've agreed not to file a direct appeal or to

3    bring a collateral challenge, including but not limited to an

4    application under Title 28, United States Code, Sections 2255

5    or 2241 of any sentence at or below the stipulated guideline

6    sentence of 540 months' imprisonment.  You've also agreed not

7    to appeal or bring a collateral challenge of any supervised

8    release that is less than or equal to the statutory maximum.

9    You've also agreed not to appeal or bring a collateral

10   challenge to any fine that is less than or equal to $500,000.

11   You've also agreed not to appeal or bring a collateral

12   challenge of any special assessment that is less than or equal

13   to $300.

14        Furthermore, you've agreed not to attack your

15   conviction and sentence on direct appeal or collaterally on the

16   grounds that the United States has failed to produce any

17   discovery material, Jencks Act material, material pursuant to

18   the *Brady v. Maryland*, other than information establishing your

19   factual innocence, or impeachment material pursuant to

20   *Giglio v. United States* that has not already been produced as

21   of the date of the signing of the agreement.

22        Furthermore, although I understand that you're a

23   United States citizen, you have agreed not to challenge your

24   conviction and sentence on direct appeal or collaterally on the

25   basis of any actual or perceived adverse immigration

1    consequences, including removal or denaturalization resulting

2    from your plea and conviction.

3            Mr. Melzer, do you understand the rights to appeal or

4    otherwise challenge your conviction and sentence that you have

5    waived in your plea agreement?

6            THE DEFENDANT:  Yes, I do, Judge.

7            THE COURT:  Thank you.  And are you willing to waive

8    those rights?

9            THE DEFENDANT:  Yes, Judge.

10           THE COURT:  Thank you.

11           Mr. Melzer, does this written plea agreement

12   constitute your complete and total understanding of the entire

13   agreement between you and the government?

14           THE DEFENDANT:  Yes, Judge.

15           THE COURT:  Has anything been left out?

16           THE DEFENDANT:  No, Judge.

17           THE COURT:  Thank you.

18           Mr. Melzer, other than what's written in this

19   agreement, has anyone made any promise to you or offered you

20   any inducement to plead guilty or to sign this agreement?

21           THE DEFENDANT:  No, Judge.

22           THE COURT:  Has anyone threatened you or forced you to

23   plead guilty or to sign the plea agreement?

24           THE DEFENDANT:  No, Judge.

25           THE COURT:  Has anyone made a promise to you as to

1    what your sentence will be?

2              THE DEFENDANT:  No, Judge.

3              THE COURT:  Thank you.

4              So, Mr. Melzer, I told you earlier there would come a

5    time when I would turn to you and ask you what makes you

6    believe you're guilty of these three offenses.  This is that

7    time.  Would you please tell me what it is that you did that

8    makes you believe that you're guilty of the three charges to

9    which you intend to plead guilty?

10             THE DEFENDANT:  Yes, Judge.

11             THE COURT:  Thank you.

12             THE DEFENDANT:  At a time in May 2020, with the intent

13   that U.S. service members be killed, I disclosed sensitive

14   information about my Army unit's upcoming deployment to

15   individuals I was communicating with on the online in the

16   messaging app, Telegram.

17             And through the same conduct, I provided material

18   resources knowing that they were to be used in preparation for

19   the attempted murder of U.S. service members.

20             And, finally, I understood that the information I

21   disclosed was sensitive national defense information, and that

22   the individuals I provided it to online were not entitled to

23   receive it.  I'm sorry, and I regret every single thing I did.

24             THE COURT:  Thank you.

25             When you did those things, did you know what you were

1    doing was wrong and illegal?

2            THE DEFENDANT:  Yes, Judge.

3            THE COURT:  Thank you.

4            Counsel for defendant, do you know of any valid

5    defense that would prevail at trial or do you know of any

6    reason why your client should not be permitted to plead guilty?

7            MR. MARVINNY:  No, your Honor.

8            THE COURT:  Were there additional questions you'd like

9    me to ask the defendant?

10           MR. HELLMAN:  May I have a moment, your Honor?

11           THE COURT:  Thank you.  Take your time.

12           (Counsel confer)

13           MR. HELLMAN:  No, thank you.

14           THE COURT:  Thank you.

15           Counsel, let me hear briefly from the United States,

16   can you please briefly summarize the evidence that you would

17   present were the defendant to proceed to trial?

18           MR. HELLMAN:  Yes.  Thank you.

19           The government has, in the course of this case, made

20   significant factual proffers and understands the Court is

21   familiar with the evidence.

22           It would expect to introduce at trial -- but to

23   summarize the categories of evidence first, the evidence would

24   consist largely of the following:

25           First, materials recovered from searches of the

defendant's phone, including encrypted communications from the messaging application Telegram, and others; photographs, documents, videos, and other materials relating to, among other things, a group known as the Order of 9 Angles, or O9A, Jihadist terrorism, including ISIS and Al Queda, and generally the white supremacist movement, and others.

Another category is records from service providers, including the defendant's e-mails and online communications.

Next, the defendant's military records, including enlistment paperwork, security clearance paperwork, and self-disclosures made by the defendant to the military, classified information, nondisclosure agreements, training certificates, including trainings the defendant received with respect to operational security, antiterrorism awareness, and counterintelligence threat awareness and reporting.

Next, there would be evidence related to the defendant's anticipated June 2020 deployment to what is referred to in this case as the "military base." That includes witness testimony regarding training and briefings the defendant and his unit received, documents relating to unclassified and classified briefings provided to the defendant's unit, training calendars and unit information, and military base related materials, such as maps and grid coordinates.

There would also be witness testimony from members of

1  Melzer's unit, including Melzer's commanding officers and

2  platoon mates.  As for the training and preparations for

3  deployment to the "military base" in May and June of 2020, as

4  well as the unit's actual deployment without the defendant to

5  the military base.

6         Witness testimony regarding Melzer's activities prior

7  to joining the military would also be offered by the government

8  as well as expert testimony concerning the white supremacist

9  movement and its connections to the Order of 9 Angles.

10        That evidence, among other things, would show that the

11 defendant was a member of an extremist group of Satanist,

12 neo-Nazi, anarchistic, and white supremacist views, known as

13 the Order of 9 Angles.  As part of the defendant's allegiance,

14 to O9A, the defendant joined the military in December 2018 as

15 part of what O9A calls an insight role; in other words, to

16 infiltrate the armed forces to gain personal training and

17 experience while subverting the goals of the organization;

18 here, the United States military.

19        The defendant was subsequently assigned to the 173rd

20 Airborne Brigade Combat Team --

21        MR. MARVINNY:  Your Honor, I object.  This is going

22 beyond the description.

23        THE COURT:  Thank you.

24        All I really need to hear, counsel, is briefly what

25 the evidence would be that establishes the elements of each of

M6O6MELP

1    these crimes, to the extent there's anything you'd like to

2    present to supplement the allocution by the defendant.

3              MR. HELLMAN:  If the Court is satisfied.  I'll also

4    note the defendant was first brought to Westchester County at

5    Stewart International Airport following his arrest.

6              THE COURT:  Counsel for defendant, do you accept the

7    proffer regarding the propriety of venue here?

8              MR. MARVINNY:  Yes, we do.  Thank you.

9              THE COURT:  Thank you very much.

10             Counsel, do both of you agree that there is a

11   sufficient factual predicate for a guilty plea?

12             Counsel, first, for the United States.

13             MR. HELLMAN:  Yes.

14             THE COURT:  Thank you.

15             Counsel for defendant.

16             MR. MARVINNY:  Yes.

17             THE COURT:  Thank you.

18             Counsel, do any of you know of any reason that I

19   should not accept the defendant's plea of guilty?

20             Counsel for the United States?

21             MR. HELLMAN:  I do not.

22             THE COURT:  Thank you.

23             Counsel.

24             MR. MARVINNY:  No, your Honor.

25             THE COURT:  Mr. Melzer, I ask you to please stand.

1    Thank you, Mr. Melzer.

2            Mr. Melzer, Count Four of the indictment charges that

3    from at least in or about 2019 up to and including in or about

4    May 2020, you willingly and knowingly attempted to and aid and

5    abetted the attempt to murder U.S. service members in violation

6    of Title 18, United States Code, Section 1114, 3238, and 2.

7    How do you plead to this count?

8            THE DEFENDANT:  Guilty, Judge.

9            THE COURT:  Thank you.

10           Count Five charges that from at least in or about 2019

11   up to and including in or about May 2020, you knowingly and

12   intently did provide and attempt to provided material support

13   of resources to terrorists in violation of Title 18,

14   United States Code, Sections 2339A(a), 3238, and 2.  How do you

15   plead to this count?

16           THE DEFENDANT:  Guilty, Judge.

17           THE COURT:  Count Seven charges that between in or

18   about April 2020 and May 2020, you illegally transmitted

19   national defense information to an unauthorized person with

20   reason to believe such information could be used to the injury

21   of the United States in violation of Title 18, United States

22   Code, Section 793(d) and 2.  How do you plead to this count?

23           THE DEFENDANT:  Guilty.

24           THE COURT:  Mr. Melzer, the indictment contains

25   forfeiture allegations with respect to Counts Four and Five of

M6O6MELP

1   the indictment.  Do you admit the forfeiture allegations with

2   respect to Counts Four and Five of the indictment?

3               THE DEFENDANT:  Yes, Judge.

4               THE COURT:  Thank you.

5               It is the finding of the Court in this case that

6   Mr. Melzer is fully competent and capable of entering an

7   informed plea, that Mr. Melzer is aware of the nature of the

8   charges and the consequences of the plea, and that the plea of

9   guilty is a knowing and voluntary plea supported by an

10  independent basis in fact containing each of the essential

11  elements of the offenses.  The plea is therefore accepted, and

12  the defendant is now adjudged guilty of those offenses.

13              Thank you very much, Mr. Melzer.  You can be seated.

14              Mr. Melzer, the probation department will want to

15  interview you in connection with the presentence report it will

16  prepare, as I was describing earlier.

17              Counsel for defendant, do you wish to be present for

18  any interview in connection with that report?

19              MR. MARVINNY:  Yes, please.

20              THE COURT:  I direct that there be no interview unless

21  counsel is present.

22              Counsel for the United States, please provide the

23  probation office with the government's factual statement within

24  seven days.

25              Counsel for defendant, please arrange for Mr. Melzer

M6O6MELP

1    to be interviewed by the probation department within the next

2    14 days.

3            Mr. Melzer, just briefly.  If you choose to speak to

4    the probation department, I just ask that you try to make sure

5    that what you say there is truthful and accurate.  This report

6    is very important for me in deciding what the appropriate

7    sentence is in your case.  I will read it very carefully.

8            I'm lingering on this issue now because you and your

9    counsel have the right to review the report and to comment on

10   it, both to the probation officer who is preparing the report,

11   and also to me at the time of sentencing.  So I just want to

12   encourage you to take advantage of that right and to read the

13   draft report and to let your counsel know if you have any

14   issues with it.  If you think that it's factually inaccurate or

15   if there are any other issues with respect to it, please point

16   them out to your lawyers so they can point them to the

17   probation officer or to my attention, if necessary, before

18   sentencing.

19           I'm going to set a sentencing date now.  Counsel, I'd

20   like to propose that sentencing take place on September 29,

21   2022, at 10:00 a.m.  Does that date and time work for each of

22   you?

23           First, counsel for the United States.

24           MR. HELLMAN:  Yes.

25           THE COURT:  Thank you.

M6O6MELP

1          Counsel for defendant.

2          MR. MARVINNY:  Your Honor, that date works.  I wonder

3    if the Court would consider a longer sentencing date than is

4    typical, given the complexity of the issues that I think are

5    likely to arise at sentencing and the amount of work I think

6    both sides are going to have to endeavor into to get this done.

7    I also have a trial scheduled in late October in the

8    Eastern District of New York that will present some time

9    constraints, so I'm wondering -- Mr. Adelsberg is my opponent

10   in that trial, for what it's worth.

11         I am wondering if the Court will consider a sentencing

12   date approximately six months from today rather than three.

13         THE COURT:  Thank you.

14         I'm happy to accommodate that.  I'm on trial during

15   much of December, at least I expect to be.  So I propose, then,

16   that we schedule this for right after the holiday.  My proposal

17   would be that we schedule this for January 4 at 1:00 p.m. in

18   light of the defense's request.

19         Counsel, does that work for each of you?  First,

20   counsel for the United States?

21         MR. HELLMAN:  Your Honor, if it would be possible for

22   a date later in that week or the following, the government

23   would appreciate that.

24         THE COURT:  Thank you.  That's not a problem.

25   January 6 at 10:00 a.m.

M6O6MELP

1      MR. HELLMAN:  That would be fine.  Thank you.

2      THE COURT:  Counsel for defendant.

3      MR. MARVINNY:  Yes.  Thank you, your Honor.

4      THE COURT:  Very good.  Thank you.

5      So sentencing is scheduled for January 6, 2023, at

6  10:00 a.m.

7      Just briefly, counsel.  Counsel for defendant alluded

8  to the prospect of complex sentencing submissions here.  As a

9  result, my inclination is to deviate from the default rule in

10  my individual rules of practice regarding the timing of

11  sentencing submissions.

12      The default rule is that the defendant's submission

13  are due two weeks prior to sentencing and that the government's

14  are due one week prior to sentencing.  In light of your

15  comments, counsel, I'm inclined to modify the default rule to

16  have the defendant's submissions due four weeks before

17  sentencing and the government's due two weeks before

18  sentencing.

19      Counsel, is there any reason why you can't proceed in

20  that way?

21      Counsel first for the government.

22      MR. HELLMAN:  No.

23      THE COURT:  Counsel.

24      MR. MARVINNY:  No, your Honor.

25      THE COURT:  Very good.  Thank you.

1          So I'm asking the parties to present your sentencing

2     submissions in accordance with that schedule in lieu of the

3     default schedule established in my individual rules of

4     practice.

5          Very good.  Anything else that we need to take up now

6     before we adjourn?

7          First, counsel for the United States.

8          MR. HELLMAN:  No, thank you.

9          THE COURT:  Thank you very much.

10          Counsel for defendant.

11          MR. MARVINNY:  No, thank you.

12          THE COURT:  Thank you very much.  This proceeding is

13     adjourned.

14          (Adjourned)

15

16

17

18

19

20

21

22

23

24

25