

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 27, 2023

**BY ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Ethan Phelan Melzer*, S1 20 Cr. 314 (GHW)

Dear Judge Woods:

  The Government writes in response to the Court's February 24, 2023 order (*see* Dkt. 162) regarding the presentence report ("PSR") and sentencing. A ruling on the disputed facts referenced in the order is unnecessary, and the matter should proceed to sentencing as scheduled on March 3.

  First, given that the defendant does not dispute that he "became a follower of O9A prior to beginning military basic training . . . in June 2019" (*see* Deft. Letter, Dkt. 161 at n.1), a ruling as to whether the defendant was a follower of O9A prior to February 2019 is unnecessary. The Government submits that the precise timing of the defendant's allegiance to O9A does not "affect sentencing" and the Court need not "consider the matter in sentencing," Fed. R. Cr. P. 32(i)(3)(B), because the material issue for sentencing—that the defendant was a follower of O9A before he reported for military duty—is undisputed. Even if the Court were, for purposes of sentencing, to adopt the defendant's representations regarding the precise timing of his affiliation with O9A, the Government's position remains that a Guidelines sentence is appropriate for the array of reasons set forth in our sentencing submission. (*See, e.g.*, Dkt. 159 at 80 n.36 (asserting that a ruling as to whether Shooting-1—which Melzer does not dispute committing—was part of an insight role is unnecessary, as Melzer's commission of that violent act itself is, at bottom, what supports imposition of a Guidelines sentence in conjunction with the other relevant sentencing considerations)).

  Second, with respect to the remaining issues raised by the defendant's objections to the PSR (*see* Deft. Letter, Dkt. 161 at 1-2), the Government submits that the defendant's undisputed statements should remain in the PSR, *see* PSR ¶¶ 18, 20, 24, but does not object to the modification of the PSR to the extent necessary to add the defendant's position regarding the timing of his O9A membership.[1] The Government further does not object to removing the reference to Melzer's statements to Witness-1 regarding Victim-2 and Shooting-2 from the PSR, which reference is not

---

[1] The Government is prepared to confer with defense counsel regarding proposed edits to the PSR and advise the Court of any such proposals prior to or at sentencing.

Hon. Gregory H. Woods                                                                                           Page 2
February 1, 2022

material to sentencing or the Government's position.  A ruling regarding Shooting-2 is therefore likewise unnecessary to sentencing.

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

By:                  /s/
                              Sam Adelsberg / Matthew Hellman
                                / Kimberly Ravener
                              Assistant United States Attorneys
                              (212) 637-2494 / 2278 / 2358

cc: Defense Counsel (by Email and ECF)