```
                                                           ┌─────────────────────────────────┐
                                                           │ USDC SDNY                       │
                                                           │ DOCUMENT                        │
                                                           │ ELECTRONICALLY FILED            │
UNITED STATES DISTRICT COURT                               │ DOC #: _____          │
SOUTHERN DISTRICT OF NEW YORK                              │ DATE FILED:  5/30/2026          │
----------------------------------------------------- X    └─────────────────────────────────┘
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  :
                                                  :          1:20-cr-314-GHW
                                                  :
                     -v-                          :       MEMORANDUM OPINION &
                                                  :             ORDER
ETHAN PHELAN MELZER,                              :
                                                  :
                          Defendant.              :
                                                  :
----------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

While serving as a private in the United States Army, Ethan Phelan Melzer betrayed his country and plotted to murder his fellow service members—using his position in the Army to further the goals of his Satanist, pro-jihadist organization.  Mr. Melzer sought to orchestrate an attack on his platoon while the unit was deployed abroad and, in furtherance of the plot, shared classified national defense information with respect to the deployment to people he believed were terrorists.  By doing so, Mr. Melzer intended to cause a mass casualty event that would provoke a war.  In 2020, Mr. Melzer was indicted in this District for his role in conspiring to murder his platoonmates and for providing material support to terrorists.

Less than two weeks before trial, Mr. Melzer pleaded guilty pursuant to a plea agreement (the "Plea Agreement") to three counts of the superseding indictment—(1) attempting to murder United States military service members; (2) attempting to provide and providing material support to terrorists; and (3) illegally transmitting national defense information.  As part of the Plea Agreement, Mr. Melzer waived his right to appeal or collaterally attack a sentence at or below 540 months imprisonment.  During the Court's detailed plea colloquy, Mr. Melzer accepted responsibility for his role in orchestrating the plot to murder his platoonmates and aid terrorists.  And he affirmed that he

was knowingly and voluntarily pleading guilty—with full understanding of the charges against him, the terms of the Plea Agreement, and the possible sentence that the Court could impose. Ultimately, the Court sentenced Mr. Melzer to a Guidelines sentence of 540 months imprisonment—a sentence that fell within the appeal waiver provision of his Plea Agreement.

In this petition, Mr. Melzer now challenges his sentence on several grounds. While his petition raises several arguments—including that the Court failed to consider certain mitigating factors under 18 U.S.C. § 3553, subjected Mr. Melzer to a sentence disparity, and improperly admitted hearsay evidence—Mr. Melzer does not contend that his guilty plea was invalid nor that he did not knowingly, intelligently, or voluntarily plead guilty. Accordingly, because Mr. Melzer waived his right to collaterally challenge his sentence, and because Mr. Melzer does not argue that any of the exceptions to the enforceability of that waiver apply, Mr. Melzer's petition is DENIED.

## II.     BACKGROUND

Mr. Melzer was a member of a white nationalist, neo-Nazi, Satanist, pro-jihadist organization. Dkt. No. 171 ("Sentencing Tr.") at 45:7–8. The organization promotes the use of extreme violence to cause the demise of western civilization. *Id.* at 45:8–9.

Mr. Melzer enlisted in the United States Army specifically to further the organization's agenda. *Id.* at 22:6–9; 46:11–14 (The Court: "He told others that his service in the military was an 'insight role' for the organization, and that he was not 'patriotic for shi*t.'"). In the spring of 2020, Mr. Melzer was reassigned to a platoon scheduled for a classified deployment abroad—the assignment required a security clearance, and details of the mission could only be shared amongst platoonmates. *Id.* at 23:22–24:12; 46:17–22. As Mr. Melzer learned about the assignment, he shared sensitive and classified information regarding the assignment to other organization members on online forums. *Id.* at 47:8–10. Mr. Melzer and the other members of the organization in the online forums strategized about the best ways to organize a jihadist attack on his unit to kill his fellow

platoonmates based on the sensitive information he had shared.  *Id.* at 24:17–19; 47:8–12.  The scheme was exposed to law enforcement, and the deployment was postponed as authorities investigated.  *Id.* at 47:13–16.  Two days later, Mr. Melzer was taken into custody.

Just under two weeks before trial was scheduled to commence, Mr. Melzer pleaded guilty pursuant to the Plea Agreement to three counts of the superseding indictment, namely:  (1) attempted murder of United States service members in violation of 18 U.S.C. §§ 114, 3238, and 2, *id.* at 6:19–21; (2) the provision and attempted provision of material support to terrorists in violation of 18 U.S.C. §§ 2339A(a), 3238, and 2, *id.* at 6:22–25; and (3) the illegal transmission of national defense information in violation of 18 U.S.C.§§ 793(d) and 2, *id.* at 7:1–3.  The Court conducted a detailed colloquy to determine whether Mr. Melzer's plea was knowing and voluntary and whether there was a factual basis for his plea.  *See generally* Dkt. No. 148 ("Plea Tr.").  Mr. Melzer acknowledged that he understood the consequences of a guilty plea, had discussed pleading guilty with his attorney, and affirmed that he was knowingly and voluntarily pleading guilty.  *Id.* at 2:18–13:21.  And Mr. Melzer admitted responsibility for disclosing sensitive national defense with the intent that the information be used to plan the murders of United States service members.  *Id.* at 23:12–23.

The Court asked detailed questions to ensure Mr. Melzer understood the terms of the Plea Agreement.  The Court reviewed the Guidelines sentence of 540 months set forth in the Plea Agreement.  *Id.* at 13:22–16:10.  Mr. Melzer affirmed that he had read, discussed with his lawyer, fully understood, and signed the Plea Agreement knowingly and voluntarily.  *Id.* at 19:15–23.  And the Court specifically asked about the waivers included in his Plea Agreement:

> The Court:  Now Mr. Melzer, in your plea agreement, you have waived a number of rights to appeal your conviction and sentence.  You've agreed not to file a direct appeal or to bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Sections 2255 or 2241 of any sentence at or below the stipulated guideline sentence of 540 months' imprisonment.  You've also agreed not to appeal or bring a collateral challenge of any supervised release that is less than or

3

equal to the statutory maximum. You've also agreed not to appeal or bring a collateral challenge to any fine that is less than or equal to $500,000. You've also agreed not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $300.

Furthermore, you've agreed not to attack your conviction and sentence on direct appeal or collaterally on the grounds that the United States has failed to produce any discovery material, Jencks Act material, material pursuant to *Brady v. Maryland*, other than information establishing your factual innocence, or impeachment material pursuant to *Giglio v. United States* that has not already been produced as of the date of the signing of the agreement. . . . Mr. Melzer, do you understand the rights to appeal or otherwise challenge your conviction and sentence that you have waived in your plea agreement?

Mr. Melzer: Yes, I do, Judge.

The Court: Thank you. And are you willing to waive those rights?

Mr. Melzer: Yes, Judge.

*Id.* at 20:25–22:9. The Court found Mr. Melzer to be competent and accepted his guilty plea.

On March 3, 2023, the Court held a hearing to impose Mr. Melzer's sentence. The Court sentenced Mr. Melzer to a Guidelines sentence of 540 months of imprisonment. Sentencing Tr. at 56:25-57:4. Mr. Melzer filed a timely notice of appeal on March 10, 2023. On July 5, 2023, he filed his appellate brief. Mr. Melzer did not challenge his conviction in his appeal. App. Dkt. No. 17.1 ("App. Mem."). Instead, Mr. Melzer asked that the Second Circuit remand his case for resentencing because, as he argued, "the length of the sentence the court imposed was affected by a constitutionally impermissible sentencing" given the Court's reference to Mr. Melzer's opposition to certain religions. *Id.* at 21. On November 12, 2024, the Second Circuit affirmed the Court's sentence. *See United States v. Melzer*, No. 23-6247-CR, 2024 WL 4750061 (2d Cir. Nov. 12, 2024), *order corrected and superseded*, No. 23-6247-CR, 2024 WL 4778188 (2d Cir. Nov. 14, 2024). The Second Circuit concluded that the Court "did not sentence Melzer based on any constitutionally-protected beliefs, nor could a reasonable observer believe otherwise based on the district court's comments." *Id.* at *3.

4

On January 5, 2026, Mr. Melzer filed a *pro se* petition to reduce his sentence under 28 U.S.C. § 2255. Dkt. No. 179 (the "Petition"). In the Petition, Mr. Melzer argues that the Court erred in failing to consider certain mitigating factors as required under 18 U.S.C. § 3553 when imposing his sentence, namely his "youthful offender status," "drug and alcohol addictions," and the "constant stress and travel" resulting from his military service which lead him to "act[] far from his normally moral character." *Id.* at 1–4. Mr. Melzer also asserts that the Court subjected him to a sentence disparity and that the Court wrongfully admitted hearsay evidence presented by the Government at his sentencing. *Id.* at 4–5. Nowhere in his Petition does Mr. Melzer reference the Plea Agreement's waivers or address the waivers' enforceability. He does not argue that his guilty plea was not made knowingly, voluntarily, or competently. Nor does he argue that any of the other exceptions to the general rule that such waivers are presumptively enforceable are applicable here.

On March 9, 2026, the Government filed its opposition in which it argues that Mr. Melzer has waived any right to challenge his sentence collaterally pursuant to the Plea Agreement. *See* Dkt. No. 181 ("Opp'n"). Mr. Melzer did not file a reply by the April 8, 2026 deadline established by the Court. Dkt. No. 180.

## III.    LEGAL STANDARD

The Second Circuit "has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable." *United States v. Thompson*, 143 F.4th 169, 182 (2d Cir. 2025) (quoting *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020)). "The exceptions to this rule occupy a very circumscribed area of [this Circuit's] jurisprudence.'" *Id.* (quoting *United States v. Borden* 16 F.4th 351, 354–55 (2d Cir. 2021) (internal quotation marks and citation omitted)).

Nonetheless, "[i]n certain cases, 'a defendant may have a valid claim that the waiver of appellate rights is unenforceable such as [1] when the waiver was not made knowingly, voluntarily, and competently, [2] when the sentence was imposed based on constitutionally impermissible

factors, such as ethnic, racial or other prohibited biases, [3] when the government breached the plea agreement, or [4] when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.'" *Id.* (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)).

Because Mr. Melzer is proceeding *pro se*, the Court must construe his Petition "liberally to raise the strongest arguments it suggests." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

## IV.    DISCUSSION

The Plea Agreement's waivers bar Mr. Melzer's Petition under 28 U.S.C. § 2255.  First, Mr. Melzer's Petition falls within the scope of the Plea Agreement's waivers.  As relevant here, Mr. Melzer's Plea Agreement includes the following waivers:

> It is agreed [] that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code Section 2255 and/or Section 2241, of any sentence at or below the Stipulated Guidelines Sentence of 540 months' imprisonment. . . .

> The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. . . .  The defendant also agrees not to appeal or bring a collateral challenge of any special assessment that is less than or equal to $300.

Because Mr. Melzer brings a collateral challenge to his sentence pursuant to 28 U.S.C. § 2255, and because the Court sentenced him to a Guidelines sentence of 540 months' imprisonment, Mr. Melzer's Petition falls within the scope of the Plea Agreement's waivers.  Accordingly, Mr. Melzer can only collaterally attack his sentence if he can show that he falls within one of the exceptions for finding such waivers unenforceable.

Mr. Melzer's 28 U.S.C. § 2255 Petition does not come close to meeting the standard required to show that his waiver is unenforceable.  His Petition makes no mention of the plea waiver at all. Nor does he argue that any of the exceptions to the presumption of its enforceability should apply

6

in his case.  Rather, Mr. Melzer primarily argues that the Court failed to consider certain mitigating factors at his sentencing.  None of the limited exceptions to the presumption of the waivers' enforceability apply here.  As noted above, the Second Circuit concluded that the Court "did not sentence Melzer based on any constitutionally-protected beliefs, nor could a reasonable observer believe otherwise based on the district court's comments."  *Melzer*, 2024 WL 4778188 at *3.

And there is no basis to find that Mr. Melzer's guilty was not knowingly, voluntarily, or intelligently made.  Before accepting Mr. Melzer's guilty, the Court conducted a thorough colloquy—Mr. Melzer and his counsel affirmed that Mr. Melzer was entering a plea of guilty knowingly, voluntarily, and intelligently.  *See generally* Pl. Tr.  Mr. Melzer acknowledged that he understood the consequences of a guilty plea generally, had discussed pleading guilty with his attorney, and affirmed that he was knowingly and voluntarily pleading guilty.  *Id.* at 2:18–13:21.  He affirmed that he was "fully satisfied with [his] lawyer's representation."  *Id.* at 5:20–23.  Mr. Melzer confirmed that he had read, understood, and discussed the Plea Agreement with his counsel.  *Id.* at 19:15–23.  And when the Court reviewed the Plea Agreement's waiver of rights to appeal, nearly reading the waiver language verbatim, Mr. Melzer affirmed that he understood that he was waiving his rights to appeal or challenge his conviction pursuant to the Plea Agreement.  The Court accepted Mr. Melzer's guilty plea finding that "Mr. Melzer is fully competent and capable of entering an informed plea, that Mr. Melzer is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea."  *Id.* at 29.  Mr. Melzer has not presented any argument to the contrary.

In sum, because Mr. Melzer's Petition falls within his Plea Agreement's waivers and because he does not contend that any of the exceptions to the presumption of enforceability of such waivers apply here, Mr. Malzer's plea waiver is valid and bars his Petition.

## V.      CONCLUSION

For the reasons stated above, Mr. Melzer's Petition under Section 2255 is denied.  The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in

good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United*

*States*, 369 U.S. 438, 444-45 (1962).  Mr. Melzer has not made a substantial showing of the denial of a

constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 179.  The Clerk

of Court is also directed to enter judgment for the United States in the corresponding civil case, No.

1:26-cv-88, to close that case, and to mail a copy of this order to Mr. Melzer.

SO ORDERED.

Dated:  May 30, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

8